EDA HOFSTEAD CABANISS, JAMES AND KALEN HAUN, AND ELIZABETH WANDERS, TRUSTEE, INDIVIDUALLY AND DERIVATIVELY ON BEHALF OF THE D.B. ALEX. BROWN EXCHANGE FUND I, L.P., PLAINTIFFS v. DEUTSCHE BANK SECURITIES, INC. D/B/A DEUTSCHE BANK ALEX. BROWN, ALEX. BROWN MANAGEMENT SERVICES, INC., DC INVESTMENT PARTNERS, LLC, AND D.B. ALEX. BROWN EXCHANGE FUND, I, L.P., DEFENDANTS

No. COA04-530

(Filed 3 May 2005)

**1. Partnerships— limited partner claims—misrepresentation—fraudulent nondisclosure—individual claims**

Under Delaware law, plaintiff limited partners could assert individual claims for misrepresentation and fraudulent nondisclosure directly against the general partner, its parent bank which acted as placement agent for the partnership, and the partnership managers. The determination of whether a partner's claim should be brought directly or derivatively turns on who suffered the alleged harm and who would receive the benefit. Defendants concede that the alleged harm here was suffered by the individual limited partners and any remedy or recovery would benefit those individual partners.

**2. Partnerships— limited partner claims—breach of contract—negligence—breach of fiduciary duty—derivative claims—demand upon general partner**

Under Delaware law, plaintiff limited partners' claims for breach of contract, negligence, and breach of fiduciary duty against the general partner, its parent bank which acted as placement agent for the partnership, and the partnership managers were derivative claims that could be asserted by plaintiffs on behalf of the limited partnership only after the general partner refused to do so or it was shown that a demand on the general partner to bring the action would be futile. Although plaintiffs contend that making a demand on the general partner would have been futile because it would in essence have been asking the general partner to sue itself, this reason is not a sufficient excuse for failure to make a demand.

Appeal by plaintiffs from judgment entered 17 October 2003 by Judge W. Erwin Spainhour, Jr. in the Superior Court of Forsyth County. Heard in the Court of Appeals 26 January 2005.

*Kilpatrick Stockton L.L.P., by David C. Smith, for plaintiff-appellants.*

*Bell, Davis & Pitt, P.A., by William K. Davis, and Brooks Pierce, by Mack Sperling, and Smith Moore, L.L.P., by J. Donald Cowan, Jr., for defendant-appellees.*

HUDSON, Judge.

This action arises from a complaint filed against defendants Deutsche Bank Securities, Inc. ("Deutsche Bank") d/b/a Deutsche Bank Alex. Brown, Alex. Brown Management Services, Inc. ("Alex. Brown"), DC Investment Partners, LLC ("DCIP"), and D.B. Alex. Brown Exchange Fund, I, L.P. ("Exchange Fund"), by plaintiffs Eda Hofstead Cabaniss ("Mrs. Cabaniss"), James and Kalen Haun ("the Hauns"), and Elizabeth Wanders ("Mrs. Wanders") as trustee, alleging, both as individuals and derivatively on behalf of the Exchange Fund, breach of contract, negligence, misrepresentation, and breach of fiduciary duty, and individual claims for fraudulent non-disclosure. On 28 July 2003, defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 17 October 2003, the court entered an order dismissing the complaint. Plaintiffs appeal. As discussed below, we affirm in part and reverse and remand in part.

In 1997, each of the plaintiffs owned or controlled a large number of shares of highly-appreciated stock and wished to diversify their holdings without triggering significant capital gains tax liability. Deutsche Bank, an investment advisor to plaintiffs, created the Exchange Fund, a Delaware limited partnership, as a solution to plaintiffs' investment quandary. Deutsche Bank acted as the placement agent for the Exchange Fund, while Alex. Brown, a wholly-owned subsidiary of Deutsche Bank, served as the Exchange Fund's general partner and investment advisor responsible for management. Alex. Brown employed DCIP to handle the day-to-day management and administration of the Exchange Fund. The management committee of the Exchange Fund consisted of six members, five of whom were Deutsche Bank executives.

Plaintiffs became limited partners in the Exchange Fund. In 2000, the value of the Exchange Fund's limited partnership units fell dramatically. After plaintiffs filed their complaint, defendants moved to dismiss on the ground that the claims could only be asserted derivatively, and that derivative claims could not be pursued in court in the absence of a prior demand on the management committee.

**[1]** Plaintiffs first argue that the court erred in dismissing plaintiffs' complaint on the ground that they could not assert individual claims against defendants. We agree with respect to the misrepresentation and fraudulent non-disclosure claims, but disagree with respect to plaintiffs' other claims.

It is well-established that:

> On a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the standard of review is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief.

*Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000) (internal citations and quotation marks omitted).

Here, because the Exchange Fund is a Delaware limited partnership, Delaware law controls. N.C. Gen. Stat, § 59-901 (1999); 6 Del. Co. § 17-901 (1999). The determination of whether a stockholder's claim should be brought directly or derivatively

> must turn solely on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?

*Tooley v. Donaldson, Lufkin, & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004) (emphasis omitted). Defendants concede that under this analysis, the claims for fraudulent non-disclosure and misrepresentation are properly brought as direct actions, as the alleged harm was suffered by the individual stockholders and any remedy or recovery would benefit the individual stockholders. Thus, we reverse the dismissal of these claims.

**[2]** The remaining claims are for breach of contract, negligence, and breach of fiduciary duty. In answering the first question of the *Tooley* test, we must determine if "the plaintiff [has] demonstrated that he or she can prevail without showing an injury to the corporation." *Agostino v. Hicks*, 845 A.2d 1110, 1122 (Del. Ch. 2004). Here, we believe that the answer must be no. Each of these claims is at its

heart, based on allegations of mismanagement of the Exchange Fund's assets. Where the "injury suffered by plaintiff, a devaluation of his stock, was a natural and expected consequence of the injury initially borne by the Company[,] the injury . . . is not individual in nature." *Id.* at 1124. Plaintiffs allege that by failing to screen adequately contributions to the Exchange Fund and to manage properly and diversify the investments, and by engaging in self-dealing, defendants caused the Fund's assets to decline and thus financially damaged plaintiffs in proportion to their investments in the Fund. Thus, we conclude that plaintiffs' claims for breach of contract, negligence, and breach of fiduciary duty are derivative claims.

Plaintiffs also argue that they were not required to make demand upon Alex. Brown before asserting their derivative claims because such demand would have been futile. We disagree.

"[T]he determination of whether a fiduciary duty lawsuit is derivative or direct in nature is substantially the same for corporate cases as it is for limited partnership cases." *Litman v. Prudential-Bache Properties, Inc.*, 611 A.2d 12, 15 (Del. Ch. 1992). Under Delaware law, a plaintiff may not bring a derivative claim in the right of a limited partnership unless the general partner has refused to do so, or any demand that the general partner do so would be futile:

> A limited partner or an assignee of a partnership interest may bring an action in the Court of Chancery in the right of a limited partnership to recover a judgment in its favor if general partners with authority to do so have refused to bring the action or if an effort to cause those general partners to bring the action is not likely to succeed.

6 Del. C. § 17-1001 (2001). In addition, in derivative actions, the complaint must state with particularity what effort plaintiffs made to get a general partner to initiate an action by a general partner or explain why it has not done so. *Litman*, 611 A.2d at 17. "This rule is one of substantive right—not simply a technical rule of pleading." *Haber v. Bell*, 465 A.2d 353, 357 (Del. Ch. 1983). The purpose of this rule is to allow the general partner, on behalf of the limited partnership, "the opportunity to rectify the alleged wrong without suit or to control any litigation brought for its benefit." *Id.* Plaintiffs contend that making demand on Alex. Brown would have been futile because the majority of its current and former management committee members were employed by Deutsche Bank and its affiliates and that a demand would in essence be asking the managers of the general partner to

sue themselves. However, as the court pointed out in *Haber*, "[t]his is not a sufficient excuse for failure to make a demand." *Id.* at 360.

Further, when a plaintiff accepts the terms of a partnership agreement which discloses conflicts of interest or self-dealing, he or she is precluded from bringing a derivative claim based on facts disclosed in that agreement. *Goodman v. Futrovsky*, 213 A.2d 899, 902-03 (Del. 1965), *cert. denied*, 383 U.S. 946, 16 L. Ed. 2d 209, 86 S. Ct. 1197 (1966) (holding that a plaintiff could not bring a derivative claim regarding a conflict of interest when this information had been disclosed in previous prospectuses). "A stockholder cannot complain of corporate action in which he has concurred." *Schreiber v. Bryan*, 396 A.2d 512, 517 (Del. Ch. 1978). Because plaintiffs failed to make demand on Alex. Brown or excuse such demand as futile as required by 6 Del. C. § 17-1001, they have no standing to bring these derivative actions.

Finally, plaintiffs argue that the trial court wrongly considered documents outside the scope of the second amended complaint which were attached to the motion to dismiss. *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60-1, 554 S.E.2d 840, 847 (2001). However, given plaintiffs' failure to comply with the demand requirements as discussed above, the court's consideration of the letter in making its ruling, while improper, was not prejudicial.

Reversed and remanded in part, affirmed in part.

Judges WYNN and STEELMAN concur.