PINEWOOD HOMES, INC. AND PINEWOOD HOMES, INC., ACTING AS TRUSTEE OF THE FOLLOWING TRUSTS: TRUST NO. 802, TRUST NO. 1527, TRUST NO. 224, TRUST NO. 307, TRUST NO. 403, TRUST NO. 404, TRUST NO. 450, TRUST NO. 810, TRUST NO. 375, TRUST NO. 2629, TRUST NO. 310, TRUST NO. 730, PLAINTIFFS v. JULIE HARRIS AND DUANE HARRIS; BANK OF AMERICA CORPORATION AS BENEFICIARY BY ASSIGNMENT RECORDED IN BOOK 901, PAGE 484 AND SOUTHLAND ASSOCIATES, INC. AS TRUSTEE UNDER THE DEED OF TRUST IN BOOK 901, PAGE 482, ROWAN COUNTY REGISTRY, (REFERENCE TO 802 OVERHILL RD., SALISBURY, NORTH CAROLINA); C.M. PRINCE AND WIFE, MARLENE B. PRINCE AS BENEFICIARIES AND CLINTON S. FORBIS, JR. AS TRUSTEE UNDER THE DEED OF TRUST IN BOOK 1605, PAGE 899, LINCOLN COUNTY REGISTRY, (REFERENCE 1527 WESTDALE LANE, LINCOLNTON, NORTH CAROLINA); FIRST NATIONAL BANK, AS BENEFICIARY AS SUCCESSOR IN INTEREST TO ROWAN SAVINGS BANK SSB, INC. AND BRUCE B. JONES, CLAUDE M. COLVARD, AND CARL E. SLOOP, JR., AS TRUSTEES UNDER DEEDS OF TRUST IN BOOK 984, PAGE 936, ROWAN COUNTY REGISTRY (REFERENCE 224 LAFAYETTE STREET, SALISBURY, NORTH CAROLINA), BOOK 876, PAGE 352, ROWAN COUNTY REGISTRY (REFERENCE 307 EDGEWOOD CIRCLE, CHINA GROVE, NORTH CAROLINA), BOOK 3009, PAGE 278, CABARRUS COUNTY REGISTRY (REFERENCE 403, HELEN STREET, KANNAPOLIS, NORTH CAROLINA), BOOK 949, PAGE 879, ROWAN COUNTY REGISTRY (REFERENCE 404 CHAPEL STREET, LANDIS, NORTH CAROLINA), BOOK 890, PAGE 204, ROWAN COUNTY REGISTRY (REFERENCE 450 NEEL ROAD, SALISBURY, NORTH CAROLINA), BOOK 914, PAGE 679, ROWAN COUNTY REGISTRY (REFERENCE 810 RYAN STREET, SALISBURY, NORTH CAROLINA); CONSECO FINANCE SERVICING CORP. AS BENEFICIARY AS SUCCESSOR IN INTEREST TO GREEN TREE FINANCIAL SERVICING CORPORATION AND DON E. FUQUAY, AS TRUSTEE UNDER DEED OF TRUST IN BOOK 832, PAGE 361, ROWAN COUNTY REGISTRY (REFERENCE 375 VIRGINIA AVENUE, CHINA GROVE, NORTH CAROLINA); NATIONAL CITY MORTGAGE CO. D/B/A COMMONWEALTH UNITED MORTGAGE COMPANY AS BENEFICIARY AND LINDA K. HARTSELL, AS TRUSTEE UNDER DEED OF TRUST IN BOOK 2923, PAGE 291, CABARRUS COUNTY REGISTRY (REFERENCE 2629 SOUTH RIDGE AVE., KANNAPOLIS, NORTH CAROLINA); WACHOVIA MORTGAGE COMPANY AS BENEFICIARY AND NEW SALEM INC. AS TRUSTEE UNDER DEED OF TRUST IN BOOK 878, PAGE 947, ROWAN COUNTY REGISTRY (REFERENCE 310 FRY ST., CHINA GROVE, NORTH CAROLINA); AND FIRST NATIONAL BANK, AS BENEFICIARY AS SUCCESSOR IN INTEREST TO ROWAN SAVINGS BANK SSB, INC. AND BRUCE D. JONES, CLAUDE M. COLVARD, AND CARL E. SLOOP, JR., AS TRUSTEES UNDER DEED OF TRUST IN BOOK 878, PAGE 612, ROWAN COUNTY REGISTRY (REFERENCE 730 SAW RD., CHINA GROVE, NORTH CAROLINA), DEFENDANTS

No. COA06-690

(Filed 17 July 2007)

## 1. Injunction— preliminary injunction—action not collateral attack

An action by plaintiff corporation, of which a judgment debtor was a shareholder, and a corporate trustee of certain assets against the judgment creditors for interference with contracts and business relationships and abuse of process was not an improper collateral attack on a preliminary injunction in the prior action where the order granting the preliminary injunction had been vacated and rendered void.

**2. Abuse of Process— complaint—statements of claim**

   The complaint of plaintiff corporation, of which a judgment debtor was a shareholder, and plaintiff corporate trustee of certain assets stated on abuse of process claim against defendant judgment creditors where it alleged: (1) defendants had an ulterior motive in seeking an injunction of coercing plaintiff to pay a judgment it was not obligated to pay and of oppressing its business activities until the judgment was paid; and (2) defendants maliciously refused to recognize the validity of the trusts and thus gained an advantage over assets held by the corporation.

**3. Wrongful Interference— tortious interference with contract—lack of justification—sufficiency of allegations**

   The complaint of plaintiff corporation, of which a judgment debtor was a stockholder, and plaintiff corporate trustee of certain assets sufficiently alleged the fourth element of lack of justification to support a claim for tortious interference with contract against defendant judgment creditors where it alleged: (1) defendant judgment creditors obtained a preliminary injunction against plaintiffs in relation to a prior judgment not between the present parties; (2) trusts involved in the case were not owned by the judgment debtor; and (3) defendant judgment creditors did not respond to a request by plaintiffs to modify the injunction so it would not impact the trusts.

**4. Pleadings— motion to amend complaint—answers already filed by parties in the case**

   The trial court did not abuse its discretion in an interference with contracts and business relationships and abuse of process case by denying plaintiffs' motion to amend their complaint under N.C.G.S. § 1A-1, Rule 15(a) in light of the substance of plaintiffs' motion to amend their complaint, it being filed at the same time as the hearing on defendants' N.C.G.S. § 1A-1, Rule 12(b)(6) motion, the fact that answers had been filed by parties to the case, and the Court of Appeals' applicable standard of review.

   Judge WYNN concurring in part and dissenting in part.

   Appeal by plaintiffs from an order entered 27 January 2006 by Judge John W. Smith in Rowan County Superior Court. Heard in the Court of Appeals 23 January 2007.

*Ferguson, Scarbrough & Hayes, P.A., by James E. Scarbrough, for plaintiff-appellants.*

*Homesley, Jones, Gaines, Dudley, Childress, McLurkin, Donaldson & Johnson, P.L.L.C., by Mitchell P. Johnson, for defendant-appellees Julie Harris & Duane Harris.*

*Robinson, Bradshaw & Hinson, P.A., by Thomas Holderness, for defendant-appellees New Salem, Inc. and Wachovia Mortgage Company.*

*Law Firm of Hutchens, Senter & Britton, by H. Terry Hutchens, for defendant-appellees National City Mortgage Co. and Linda K. Hartsell.*

*Clinton S. Forbis, Jr. for defendant-appellees C.M. Prince, Marlene B. Prince, and Clinton S. Forbis, Jr.*

HUNTER, Judge.

Pinewood Homes, Inc., and Pinewood Homes, Inc., as trustee ("plaintiffs" or "Pinewood") have asserted claims against Julie and Duane Harris ("defendants") for interference with contracts and business relationships as well as abuse of process. The purported cause of action arose after defendants received a judgment in the amount of $326,901.00 against Pinewood Development Corp., Willow Creek, LLP, and Ray Ritchie ("Ritchie") for allegedly engaging in fraudulent conduct in the course of a land sale. *See Harris et al. v. Pinewood Development Corp. et al.,* file 00 CVS 3117, Rowan County Superior Court. That judgment was not against plaintiffs in the instant case. Ritchie, however, was a shareholder and the president of Pinewood on the date of the judgment between Ritchie and defendants.

After the judgment, defendants were granted a preliminary injunction against Ritchie and all companies in which he maintains an ownership interest "from selling, disposing of, secreting, transferring or encumbering any assets until the post-judgment collection proceedings are completed[.]" Among those entities enjoined by the lower court was Pinewood, and, by extension, the assets Pinewood holds as trustee. Pinewood was not a named defendant in the injunction. According to the complaint, neither Ritchie nor Pinewood maintain an ownership interest in those trust assets. The preliminary injunction was later vacated by this Court. *Harris v. Pinewood Dev. Corp.,* 176 N.C. App. 704, 707-08, 627 S.E.2d 639, 642 (2006) (holding that N.C. Gen. Stat. § 1-355 does not allow a preliminary

injunction to be entered until either a judgment has been returned wholly or partially unsatisfied or the terms of N.C. Gen. Stat. § 1-355 are met).

Plaintiffs allege that while that appeal was pending defendants used the preliminary injunction to try to coerce Pinewood to pay the judgment that had been entered against Ritchie. Thus, plaintiffs brought two claims: (1) interference with contracts and business relationships; and (2) abuse of process, essentially arguing that Pinewood's business ventures had been shut down because of the injunction.

Defendants moved to dismiss plaintiffs' complaint for failure to state a claim under N.C.R. Civ. P. (12)(b)(6). Defendants also argued that Pinewood's suit was a collateral attack on the injunction. At the Rule 12 hearing, plaintiffs made a motion to amend their complaint under N.C.R. Civ. P. 15(a).

The trial court granted the motions to dismiss on the grounds that granting Pinewood's relief "would necessarily require this court to interpret and either affirm or limit and redefine the preliminary injunction[.]" The complaint was also dismissed because after taking all allegations as true, there had been no legitimate claim stated in the complaint. Finally, the trial court rejected plaintiffs' motion to amend because they could not correct a fatal defect, and dismissed the complaint with prejudice.

Plaintiffs present the following issues for review: (1) whether plaintiffs' cause of action is barred by the rule against collateral attacks and whether the trial court erred in dismissing plaintiffs' complaint for failure to state a claim; and (2) whether the trial court erred in denying plaintiffs' motion to amend the complaint. After careful consideration we affirm in part, reverse in part, and remand.

I.

The standard of review on a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure " 'is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Cabaniss v. Deutsche Bank Secs., Inc.*, 170 N.C. App. 180, 182, 611 S.E.2d 878, 880 (2005) (quoting *Block v. County of Person*, 141 N.C. App. 273, 277-78, 540 S.E.2d 415, 419 (2000)). The complaint must be liberally construed and should not be dismissed unless it appears beyond a doubt that plaintiffs could not

prove any set of facts to support the claim which would entitle them to relief. *Id.*

Dismissal is proper " 'when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim.' " *Newberne v. Department of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 204 (2005) (citation omitted). Before addressing whether plaintiffs' complaint adequately states a cause of action, we must first address whether the complaint is barred by the rule against collateral attacks.

[1] Defendants argue that plaintiffs' cause of action is a collateral attack on the preliminary injunction that had been previously granted between the parties. We disagree. A collateral attack is one " 'in which a plaintiff is not entitled to the relief demanded in the complaint unless the judgment in another action is adjudicated invalid.' " *Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969) (citation omitted). "A collateral attack on a judicial proceeding is 'an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it.' " *Regional Acceptance Corp. v. Old Republic Surety Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (citation omitted). "North Carolina does not allow collateral attacks on judgments." *Id.*

In this case, a monetary judgment in favor of defendants was entered against Ritchie and several companies in which he has an ownership interest on 27 August 2004. None of those companies, however, were plaintiffs in the current action. After the judgment, the trial court entered an order on 12 January 2005 granting a preliminary injunction against Ritchie and all companies in which he has an ownership interest to prevent him "from selling, disposing of, secreting, transferring or encumbering any assets" until the judgment was satisfied. While the injunction was still in place, plaintiffs filed the current cause of action and the trial court ruled plaintiffs' action to be a collateral attack and dismissed the case. After the dismissal of plaintiffs' complaint by the trial court, and while the present case was pending, we vacated the injunction. *Harris*, 176 N.C. App. at 708, 627 S.E.2d at 642. The issue raised by the parties to this Court is whether Pinewood, a non-party to the first judgment, may attack the preliminary injunction arising out of that judgment in a collateral proceed-

ing. Because we vacated this injunction in *Harris*, we need not fully reach this issue. *Id.*

When something is "vacated," it is nullified and made void. *Alford v. Shaw,* 327 N.C. 526, 543 n.6, 398 S.E.2d 445, 455 n.6 (1990); *see also* Black's Law Dictionary 1584 (8th ed. 2004); *Stewert v. Oneal,* 237 F. 897, 906 (6th Cir. 1916) ("Vacate means to annul, set aside, or render void; suspend, to stay. When a thing is vacated it is devitalized"). Accordingly, "[o]nce [a] judgment [is] vacated, no part of it could thereafter be the law of the case." *Alford,* 327 N.C. at 543 n.6, 398 S.E.2d at 455 n.6. Thus, it cannot be said that plaintiffs are attempting to set aside a "judgment," as required by the rule against collateral attacks, because the prior order granting the preliminary injunction has been voided and is no longer part of the case between plaintiffs and defendants.

The dissent contends that "[p]laintiffs should either have filed a counter-complaint for tortious interference at the time the injunction was sought, or should have waited until after the injunction had been vacated to file their claim." The dissent, however, fails to recognize that plaintiffs were neither a party to the original dispute between Ritchie and defendants nor were they a party before this Court when we vacated the injunction. *See Harris,* 176 N.C. App. 704, 627 S.E.2d 639. Accordingly, we cannot say that plaintiffs engaged in a collateral attack when they filed this current cause of action. Having determined that there was no collateral attack, we next address whether plaintiffs' complaint has stated a claim upon which relief may be granted.

A.

[2] Plaintiffs argue that the trial court erred in dismissing their cause of action for abuse of process. We agree. "Abuse of process is the misapplication of civil or criminal process to accomplish some purpose not warranted or commanded by the process." David A. Logan & Wayne A. Logan, *North Carolina Torts* § 19.40 at 432 (1996) (citing *Ellis v. Wellons,* 224 N.C. 269, 29 S.E.2d 884 (1944)). Two elements must be proved to find abuse of process: (1) that the defendant had an ulterior motive to achieve a collateral purpose not within the normal scope of the process used, and (2) that the defendant committed some act that is a " 'malicious misuse or misapplication of that process *after issuance* to accomplish some purpose not warranted or commanded by the writ.' " *Stanback v. Stanback,* 297 N.C. 181, 200, 254 S.E.2d 611, 624 (1979) (citation omitted).

The ulterior motive requirement is satisfied when the plaintiff alleges that the prior action was initiated by the defendant or used by him to achieve a collateral purpose not within the intended scope of the process used. The act requirement is satisfied when the plaintiff alleges that during the course of the prior proceeding, the defendant committed some wilful act whereby he sought to use the proceeding as a vehicle to gain advantage of the plaintiff in respect to some collateral matter.

*Hewes v. Wolfe and Hewes v. Johnston*, 74 N.C. App. 610, 614, 330 S.E.3d 16, 19 (1985) (citations omitted); *see also Stanback*, 297 N.C. at 201, 254 S.E.2d at 624.

In *Hewes*, this Court held that a complaint alleging that "defendants maliciously filed notices of *lis pendens* and notices of lien on property owned by plaintiffs 'for the purpose of injuring and destroying the credit business of the plaintiffs and in general to oppress the plaintiffs[]' " satisfied the ulterior motive and act requirements. *Hewes*, 74 N.C. App. at 614, 330 S.E.2d at 19. These allegations were sufficient because plaintiffs had alleged that the prior action was filed: (1) to coerce plaintiffs and (2) to achieve a collateral purpose— oppression. *Id.*

Here, plaintiffs argue that our holding in *Hewes* requires us to hold that plaintiffs have stated a claim upon which relief may be granted. We agree. Plaintiffs' complaint alleged that: (1) "[d]efendants . . . had an ulterior purpose of *coercing plaintiffs* to pay a judgment they were *not obligated* to pay"; (2) defendants "maliciously refused to recognize the validity" of the trusts; and (3) have therefore gained "an *advantage over the assets*" held by plaintiffs. (Emphasis added.) As in *Hewes*, these allegations, if proven, show that the injunction was sought to coerce plaintiffs to pay a judgment for which they were not responsible and to oppress their business activities until such judgment was paid. Thus, defendants' motion to dismiss for failure to state a claim should have been denied, and we therefore reverse as to this issue. To hold otherwise would allow a party who has a judgment against a debtor to seek an injunction against any company in which the debtor holds stock without serving the company and making them a party in the proceeding.

The dissent attempts to distinguish *Hewes* on the ground that the plaintiffs in this case have, according to the dissent, not alleged an act beyond the filing of the injunction. In *Hewes*, however, the act requirement was satisfied by the filing of the notices of lien and *lis*

*pendens. Id.* The dissent correctly points out that the mere filing of a lien or *lis pendens* would cloud title to property. We disagree, however, with the implication that an injunction which plaintiffs alleged to have shut down its business activities could not have the same impact on their trust assets. Indeed, the plaintiffs alleged that the injunction caused "plaintiffs to refrain from conducting all lawful activities relating to the trust assets." If proven, this is more severe than a *lis pendens* which merely puts potential buyers of property on notice that the property is subject to litigation and that if they buy it they will take the property subject only to the result of that pending judgment. *Hill v. Memorial Park*, 304 N.C. 159, 164, 282 S.E.2d 779, 782 (1981).

The dissent's reliance on *Lyon v. May*, 108 N.C. App. 633, 424 S.E.2d 655, *disc. review denied*, 333 N.C. 791, 431 S.E.2d 25 (1993), is misplaced. In that case, we held that defendant[1] was entitled to a judgment notwithstanding the verdict because there was "no evidence that [defendant] tried to use the attachment for anything other than its real purpose—to prevent the transfer of money which [defendant] believed he was entitled, albeit mistakenly." *Id.* at 640, 424 S.E.2d at 659. It could very well be that at a later stage in this case plaintiffs will not have established sufficient evidence to prevail on the abuse of process claim, but we are reviewing this case at the motion to dismiss phase. As stated, in reviewing a motion to dismiss plaintiffs are entitled to have all allegations treated as true and to have the complaint liberally construed. *Cabaniss*, 170 N.C. App. at 182, 611 S.E.2d at 880. Accordingly, we do not find *Lyon* persuasive on this issue.

B.

[3] Plaintiffs next argue that the trial court erred in dismissing their cause of action for tortious interference with a contract. The elements of a tortious interference with a contract claim are: (1) a valid contract existed between the plaintiff and a third person, conferring upon the plaintiff some contractual right against the third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) the defendant acts without justification; and (5) the defendant's conduct causes actual pecuniary harm to the plaintiffs. *Childress v. Abeles*, 240 N.C.

---

1. In that case, we were actually addressing the defendant's counterclaim against the plaintiff for intentional interference with a contract. To remain consistent with the rest of this opinion, we refer to the plaintiff in *Lyon* as "defendant."

667, 674, 84 S.E.2d 176, 181-82 (1954). Defendants attack only the fourth element (lack of justification) in plaintiffs' complaint; consequently, we address only that issue and express no opinion as to whether plaintiffs have established the other elements of tortious interference with a contract.

A motion to dismiss a claim of tortious interference is properly granted where the complaint shows the interference was justified or privileged. *Peoples Security Life Ins. Co. v. Hooks*, 322 N.C. 216, 220, 367 S.E.2d 647, 650 (1988). " 'In general, a wrong purpose exists where the act is done other than as a reasonable and *bona fide* attempt to protect the interest of the defendant which is involved.' " *Id.* (citation omitted).

Interference of the contract must be without justification. "The interference is 'without justification' if the defendants' motives . . . were 'not reasonably related to the protection of a legitimate business interest' of the defendant." *Privette v. University of North Carolina*, 96 N.C. App. 124, 134, 385 S.E.2d 185, 190 (1989) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 292 (1976)). Accordingly, we have held that the complaint must admit of no motive for interference other than malice. *Privette*, 96 N.C. App. at 134-35, 385 S.E.2d at 191; *Sides v. Duke University*, 74 N.C. App. 331, 346, 328 S.E.2d 818, 829 (1985), *rev'd on other grounds*, *Kurtzman v. Applied Analytical Industries, Inc.*, 347 N.C. 329, 493 S.E.2d 420 (1997).

At the outset, we note that plaintiffs' complaint has alleged that the actions of defendants in seeking the injunction were taken maliciously and without justification. Defendants correctly point out, however, that general allegations of malice are insufficient as a matter of pleading. *See Equipment Co. v. Equipment Co.*, 263 N.C. 549, 559, 140 S.E.2d 3, 11 (1965). Thus, we must determine whether plaintiffs' have alleged a factual basis to support the claim of malice. We conclude that they have.

Here, plaintiffs have alleged that the seeking of the injunction was the malicious act. This is a factual basis supporting plaintiffs' assertion of malice. Specifically, the complaint makes the following allegations:

> 38. Plaintiffs were not parties to Harris v. Ritchie, file 00 CVS 3117, Rowan County.

39. The real estate title held in trust by plaintiffs is not subject to the money judgment entered in Harris v. Ritchie, file 00 CVS 3117, Rowan County.

40. In an effort to coerce payment of the judgment in 00 CVS 3117, defendants Harris have unlawfully pursued a course of action culminating in an injunction against plaintiffs. . . . Said injunction was obtained without notice to plaintiffs or the holders of deed of trust liens described herein.

41. Pursuant to a court order obtained by defendants Harris in Harris v. Ritchie . . . , plaintiffs produced trust documents and corporate records for inspection by defendants Harris. Despite reviewing the documents, defendants Harris have continued to pursue a course of action to make the assets held in trust subject to the judgment in 00 CVS 3117.

42. For the further purpose of coercing plaintiffs to pay the judgment in 00 CVS 3117, defendants Harris have intentionally and maliciously refused to recognize the validity of plaintiff's corporate status and the status of the trusts.

43. The actions of defendants Harris have been without just cause or excuse with the intent to injure plaintiffs and reach the assets held in trusts.

44. Defendants Harris knew or should have known that the trust assets are subject to deed of trust liens. Said deed of trust liens are a matter of public record.

45. The actions of defendants Harris have threatened and continue to threaten the viability of the trusts and the trust assets and will cause a default under the terms of the security instruments executed by plaintiffs to secure payment of the deed of trust notes.

46. As a result of the wrongful acts of defendants Harris, plaintiffs have been prevented from conducting business and the value of the trust assets have been adversely affected. Plaintiffs have been damaged in an amount in excess of $10,000.00.

In summation, the complaint alleges the following factual allegations: (1) that a preliminary injunction against plaintiffs was obtained in relation to a prior judgment not between the parties; (2) that the trusts involved in this case are not owned by Ritchie; and (3) that defendants did not respond to plaintiffs' request to modify the injunc-

tion so that it would not impact the trusts. If proved, these factual allegations tend to support plaintiffs' accusation of malice. Thus, assuming without deciding that plaintiffs' complaint establishes the other elements of interference with a contract, defendants' motion to dismiss for failure to state a claim should have been denied and we therefore reverse as to this issue.

## II.

**[4]** Lastly, plaintiffs argue that the trial court erred in denying their motion to amend their complaint. We disagree.

We review a denial of a motion to amend under Rule 15(a) for abuse of discretion. *Smith v. McRary*, 306 N.C. 664, 671, 295 S.E.2d 444, 448 (1982). An abuse of discretion will be found where a trial court's ruling " 'is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.' " *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523 (2006) (citation omitted).

In the instant case, plaintiffs moved to amend their complaint as a matter of course under N.C.R. Civ. P. 15(a). In substance, plaintiffs sought to amend the complaint "to make it clear that plaintiffs seek a judgment declaring that (a) the trusts are valid and (b) the assets of the trusts are not subject to the judgment." All of the proposed language was related to their first claim for relief for a declaratory judgment that the money judgment against Ritchie was not a lien against the assets or trusts held by plaintiffs. That claim for relief, however, was subsequently dismissed on 27 June 2006. It would follow then, that plaintiffs' motion to amend would be rendered moot. Plaintiffs' complaint, however, contained a sentence in each section that "[t]he allegations of the preceding paragraphs are adopted, realleged and incorporated herein by reference." Accordingly, the language in the proposed amendments would apply to all of plaintiffs' remaining claims for relief. That said, we are unable to say that the trial court abused its discretion in denying plaintiffs' request to amend their complaint.

Plaintiffs argue in their brief to this Court that no responsive pleadings had been filed prior to their motion to amend their complaint because the three parties who had filed answers at that point were "only joined in the action to afford complete relief and to make them bound by the outcome," not for any affirmative relief. Rule 15(a), however, refers only to a party's right to amend once as a mat-

ter of course "at any time before a responsive pleading is served," and makes no distinction among how named parties should be treated under the rule. N.C.R. Civ. P. 15(a). Plaintiff cites no authority to the contrary. Thus, plaintiffs' right to amend as a matter of course terminated when one of the parties filed a responsive pleading.

In light of the substance of plaintiffs' motion to amend their complaint, it being filed at the same time as the hearing on defendants' Rule 12(b)(6) motion, the fact that answers had been filed by parties to the case, and this Court's applicable standard of review, we cannot say that the trial court abused its discretion in ruling on plaintiffs' motion to dismiss. Thus, we affirm the ruling of the trial court as to this issue.

### III.

In summary, we hold that plaintiffs' cause of action is not barred by the rule against collateral attacks. We also hold that plaintiffs have stated a valid claim for abuse of process and that they have sufficiently alleged that defendants acted without justification in seeking the injunction. Finally, we hold that the trial court did not err when it denied plaintiffs' motion to amend their complaint. Therefore, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

Judge STEELMAN concurs.

Judge WYNN concurs in part and dissents in part in a separate opinion.

WYNN, Judge, concurring in part and dissenting in part.

I concur with that portion of the majority opinion that affirms the trial court's denial of Plaintiff's motion to amend their complaint. However, because I find that the timing of Plaintiffs' complaint for tortious interference makes it a collateral attack on the preliminary injunction sought by Defendants, I would affirm the trial court's dismissal of that cause of action. Additionally, after reviewing Plaintiffs' original complaint for abuse of process, I conclude they failed to allege any facts that would support a claim of abuse of process. Therefore, I respectfully dissent.

**PINEWOOD HOMES, INC. v. HARRIS**

[184 N.C. App. 597 (2007)]

## I.

As noted by the majority and previously held by this Court, "[a] collateral attack on a judicial proceeding is an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it." *Reg'l Acceptance Corp. v. Old Republic Sur. Co.*, 156 N.C. App. 680, 682, 577 S.E.2d 391, 392 (2003) (internal quotation and citation omitted). Significantly, as quoted by the majority, a collateral attack is one "in which a plaintiff is not entitled to the relief demanded in the complaint *unless the judgment in another action is adjudicated invalid." Thrasher v. Thrasher*, 4 N.C. App. 534, 540, 167 S.E.2d 549, 553 (1969) (internal quotation and citation omitted) (emphasis added).

Here, Plaintiffs contend that Defendants sought to use the injunction in question to coerce them into paying the judgment against Mr. Ritchie, a judgment for which they were not legally responsible. They further assert that their claim of tortious interference was based on Defendants' "intentional and malicious refusal . . . to recognize the validity of the trusts and Pinewood's status as trustee," and was not an attempt to have the injunction vacated or modified. Nevertheless, in the words of their own complaint, they asked the trial court to have the injunction "modified to exclude plaintiffs as well as real estate held in trust by plaintiffs so that plaintiffs may conduct business." In my opinion, this falls squarely within the prohibition against using an ancillary legal proceeding to "avoid, defeat, or evade . . ., or deny [the] force and effect" of a judgment in another proceeding.

Plaintiffs also state, however, that "now it is certainly true that granting [their] prayer for relief does not amount to a collateral attack on the injunction because the injunction has been vacated." This position—and that of the majority—begs the question of what our conclusion would be as to the collateral nature of Plaintiffs' claims had our Court *upheld* the preliminary injunction.

The majority maintains that, because the injunction was vacated, it was "nullified and made void," meaning that "no part of it could thereafter be the law of the case." *See Alford v. Shaw*, 327 N.C. 526, 543 n.6, 398 S.E.2d 445, 455 n.6 (1990). While I agree that the injunction no longer has any legal force, I observe that the majority's approach, that its existence is no longer part of the case between Plaintiffs and Defendants, would lead to this cause of action being mooted, as Plaintiffs would no longer be able to show the requisite

damages necessary to sustain a claim for tortious interference. That is clearly an absurd outcome; the injunction did exist and was in force for six months, barring Plaintiffs from selling and transferring assets and real estate titles and having a "real life" impact.

Thus, if the injunction existed to the extent necessary not to moot Plaintiffs' claim, then it should also be considered for the purpose of determining whether the claim of tortious interference was a collateral attack. Indeed, this very situation reinforces the need for a prohibition against such attacks, in order to avoid circumstances in which we would have to create legal fictions such as a supposedly non-existent injunction that did cause actual harm in the real world.

Moreover, Defendants would be guilty of tortious interference only if they acted without justification in seeking the injunction. *Beck v. City of Durham*, 154 N.C. App. 221, 232, 573 S.E.2d 183, 191 (2002). This Court has held that in order to establish this element, a plaintiff's complaint must admit of no motive for interference other than malice. *Id.* (internal quotation and citation omitted). Here, Plaintiffs stated in their complaint that "defendants Harris requested issuance of a preliminary injunction to prohibit Ray Ritchie and various companies from selling or transferring title to real estate" until "the post-judgment collection proceedings are completed by satisfaction of [the Harrises'] judgment." Thus, Plaintiffs essentially admitted to another motive in their complaint, i.e., to maintain assets and titles until Defendants had been paid. Even if no other motive was shown, a conclusion of malice would necessarily rely on the injunction being vacated, as surely it would have been sustained only if it was sought with justification. Accordingly, Plaintiffs would be entitled to relief for their claim of tortious interference only if the injunction were vacated, another definitive factor of a collateral attack. *See Thrasher*, 4 N.C. App. at 540, 167 S.E.2d at 553.

When Plaintiffs filed their complaint for tortious interference against Defendants, the preliminary injunction against Plaintiffs was still in force.[2] While true that the injunction was ultimately vacated, essentially on procedural grounds, *see Harris v. Pinewood Dev. Corp.*, 176 N.C. App. 704, 707-08, 627 S.E.2d 639, 642 (2006), that out-

---

2. Although Plaintiffs were not named as defendants in the injunction, the injunction was in force against them because the trial court entered it against Mr. Ritchie "and all of the companies in which he owns an ownership interest[.]" Furthermore, the trial court concluded that "Pinewood Homes, Inc. appears to be in active concert with Ray Ritchie, in his wrongful attempts to avoid accountability for the Judgment against him."

come was. not certain at the time Pinewood filed its complaint, and the prohibition against collateral attacks is not retroactive in application. Plaintiffs should either have filed a counter-complaint for tortious interference at the time the injunction was sought, or should have waited until after the injunction had been vacated to file their claim. As such, I conclude that, when the trial court dismissed Pinewood's claims in January 2006, he did so properly, as he essentially had no subject matter jurisdiction at that time. I would therefore affirm.[3]

## II.

On a Rule 12(b)(6) motion to dismiss, a trial court must determine whether, as a matter of law, the allegations of the complaint, treated as true, state a claim upon which relief can be granted. *Isenhour v. Hutto*, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999). Dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiffs' claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats the plaintiffs' claim. *Oates v. JAG, Inc.*, 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). A claim should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 123, 401 S.E.2d 133, 134-35 (1991).

In order to prove abuse of process, a plaintiff must show (1) an ulterior motive in the use of process and (2) a wilful act in the misuse of process after issuance to accomplish some purpose not warranted by the writ. *Stanback v. Stanback*, 297 N.C. 181, 200, 254 S.E.2d 611, 624 (1979). The majority concludes that Plaintiffs in the instant case alleged facts in their complaint sufficient, if proven, to make a good claim for abuse of process. In particular, the majority finds that Plaintiffs' allegations of Defendants' "ulterior purpose of coercing plaintiffs to pay," "malicious[] refus[al] to recognize the validity of the trusts," and attempt to "gain an advantage over the assets" held

---

3. While I would affirm without reaching the merits of Plaintiffs' claim as to tortious interference, I also note that Plaintiffs' complaint contained no factual allegations that would support a finding as to the third element of such a claim, namely, "acts by defendant to intentionally induce the third party not to perform the contract." *Childress v. Abeles*, 240 N.C. 667, 674, 84 S.E.2d 176, 181-82 (1954), *reh'g dismissed*, 242 N.C. 123, 86 S.E.2d 916 (1955). The paragraphs that Plaintiffs assert would show intentional acts of interference do not relate to any third party.

by Plaintiffs, are enough to withstand a Rule 12(b)(6) motion to dismiss. I disagree.

Unlike in *Hewes v. Wolfe and Hewes v. Johnston,* 74 N.C. App. 610, 330 S.E.2d 16 (1985), Defendants in the instant case did not file notices of liens or *lis pendens* against the real estate held by Plaintiffs. Defendants' sole action against Plaintiffs here was to seek the preliminary injunction; no facts were alleged in Plaintiffs' complaint that Defendants then committed some wilful act and used the injunction for anything other than the purpose for which it was intended—namely, to prevent the sale or transfer of assets to which Defendants believed they were entitled, even if mistakenly.

In *Hewes,* the liens and *lis pendens* were filed while an action was still pending alleging the misuse of, and failure to account for, partnership assets; the complaint alleged that the notices of liens and *lis pendens* were filed "for the purpose of injuring and destroying the credit business of the plaintiffs and in general to oppress the plaintiffs," purposes for which such processes were never intended. 74 N.C. App. at 614, 330 S.E.2d at 19. The mere filing of those notices would have clouded the title to the real estate in question, whereas here, Defendants would have had to take some further affirmative action, in addition to obtaining the injunction, in order to "gain an advantage over the assets held in trust by plaintiffs." Plaintiffs' complaint alleges no such further wilful act by Defendants to "coerce" Plaintiffs to pay Mr. Ritchie's judgment.

The facts of this case are analogous to those in *Lyon v. May,* 108 N.C. App. 633, 424 S.E.2d 655, *disc. review denied,* 333 N.C. 791, 431 S.E.2d 25 (1993), in which this Court concluded the defendant did not establish the elements of a claim for abuse of process, and the plaintiff was therefore entitled to judgment notwithstanding the verdict on that issue. In *Lyon,* we found that there was "no evidence that plaintiff tried to use the attachment [to proceeds] for anything other than its real purpose—to prevent the transfer of money which plaintiff believed he was entitled, albeit mistakenly." *Id.* at 640, 424 S.E.2d at 659. Even though the plaintiff "was not entitled to attachment of the proceeds," "that does not change the fact that plaintiff used the attachment for its true purpose." *Id.*

Likewise, here, no facts are alleged in Plaintiffs' complaint that would support their assertions that Defendants used the injunction to coerce them into paying Mr. Ritchie's judgment. Plaintiffs' language as to Defendants' "ulterior purpose," "coerc[ion]," "malicious re-

STATE EX REL. COOPER v. RIDGEWAY BRANDS MFG., LLC

[184 N.C. App. 613 (2007)]

fus[al]," and attempt to "gain an advantage" are not factual allegations, but legal conclusions and are accordingly "not entitled to a presumption of truth" in considering a Rule 12(b)(6) motion to dismiss. *Miller v. Rose*, 138 N.C. App. 582, 592, 532 S.E.2d 228, 235 (2000); *see also Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970) (internal citation omitted) (in discussing the newly adopted North Carolina Rules of Civil Procedure, quoting with approval the statement that, "For the purpose of [a Rule 12(b)(6)] motion, the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted.").

Because Plaintiffs merely recite the legal terms used in the definition of a claim of abuse of process without alleging facts that would serve to support those legal conclusions, I would affirm the trial court's granting of Defendants' Rule 12(b)(6) motion to dismiss.