London Leasing, LLC v. Arcus, 2015 NCBC 106.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 7419

| | | |
|---|---|---|
| LONDON LEASING, LLC, a North Carolina Limited Liability Company, <br>                  Plaintiff <br><br>         v. <br><br> JW RAY, individually; BURSTNET TECHNOLOGIES, INC., a Pennsylvania Corporation; DIGI-PLUS LLC, a Delaware Limited Liability Company; RAY FAMILY HOLDINGS, LLC, a Florida Limited Liability Company; JOLO VINEYARDS, LLC, a North Carolina Limited Liability Company; JOLO WINERY & VINEYARDS, LLC, a North Carolina Limited Liability Company; BACKLOG CAPITAL, LLC, a Delaware Limited Liability Company; BACKLOG CAPITAL MANAGERS, LLC, a Delaware Limited Liability Company, <br>             Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **OPINION AND ORDER** |

THIS CAUSE, designated a mandatory complex business case by Order of the Chief Justice of the North Carolina Supreme Court, pursuant to N.C. Gen. Stat. § 7A-45.4(b) (hereinafter, references to the North Carolina General Statutes will be to "G.S."), and assigned to the undersigned Special Superior Court Judge for Complex Business Cases, comes before the Court upon Plaintiff London Leasing LLC's Motion to Dismiss and for Sanctions ("Motion to Dismiss"), pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rule(s)").

THE COURT, after considering the Motion to Dismiss, the briefs in support and in opposition to the Motion to Dismiss, and other appropriate matters of record, FINDS and CONCLUDES as stated herein.

*Strianese, P.L.L.C., by Christopher R. Strianese, Esq., for Plaintiff.*

*McAngus, Goudelock & Courie, P.L.L.C., by Jessica C. Tyndall, Esq., for Defendants.*

McGuire, Judge.

### PROCEDURAL AND FACTUAL BACKGROUND

1.     The procedural and factual background of this matter are set out in detail in the Court's prior Orders of March 4 and June 2, 2015.  Accordingly, the Court will only recite those facts necessary for the determination of this Motion to Dismiss.

2.     On June 6, 2014, London Leasing, LLC ("London Leasing" or "Plaintiff") filed its Complaint against five Defendants: Shawn Arcus ("Arcus"), Kevin Delik ("Delik"), JW Ray ("Ray"), Burstnet Technologies, Inc. ("Burstnet"), and Digi-Plus LLC ("DigiPlus").  Plaintiff subsequently dismissed its claims against Arcus and Delik.[1]  The Complaint brought claims for Breach of Contract, Violation of the NC Unfair and Deceptive Trade Practices Act, Veil Piercing, Tortious Interference with Contract, and Civil Conspiracy.  In essence, the Complaint alleged that Defendants breached a financing agreement with Plaintiff by not making payments, and thereafter engaged in a scheme to transfer the financed equipment to an undisclosed location in order to shield that equipment from being reclaimed by Plaintiff.

3.     On July 6, 2015, with leave of Court, Plaintiff filed an Amended Complaint that added as Defendants Ray Family Holdings, LLC, JOLO VINEYARDS, LLC and Jolo Winery & Vineyards LLC (collectively, "JOLO"), and

---

[1] Notice of Voluntary Dismissal (July 23, 2014); Notice of Voluntary Dismissal (Nov. 17, 2014).

Backlog Capital, LLC and Backlog Capital Managers, LLC (collectively, "Backlog"), and that alleged causes of action for fraudulent conveyance and for violations of the North Carolina Uniform Fraudulent Transfer Act. The Amended Compliant refers to Ray Family Holdings, JOLO, and Backlog collectively as the "Fraudulent Transfer Defendants." The Amended Complaint further alleges that DigiPlus and Ray fraudulently transferred their assets to the Fraudulent Transfer Defendants in an effort to shield their assets from Plaintiff and from Burstnet's other creditors. The Amended Complaint alleges claims for Breach of Contract (against Burstnet and DigiPlus), Violation of the North Carolina Unfair and Deceptive Trade Practices Act (against all Defendants), Veil Piercing (against Ray), Tortious Interference with Contract (against DigiPlus and Ray), Fraudulent Conveyance (against all Defendants), and Violations of the North Carolina Uniform Fraudulent Transfer Act (against all Defendants).

4. On August 20, 2015, all Defendants except for Burstnet filed Answers to Plaintiff's Amended Complaint.[2] Defendants Ray, Ray Family Holdings, JOLO, and Backlog allege counterclaims for abuse of process against Plaintiff.[3] These Defendants allege that Plaintiff abused process by bringing claims against Ray Family Holdings, JOLO, and Backlog (i) "for the ulterior purpose of gaining an

---

[2] Burstnet is not represented by Defendants' counsel and has never filed an Answer or other responsive pleading. Upon proper motion filed with the Court and sufficient evidence of Plaintiff's attempt to notify Burstnet, the Court would be prepared to order default judgment against Burstnet.

[3] DigiPlus' Answer to Plaintiff's Amended Complaint does not assert a counterclaim for abuse of process. Likewise, Burstnet also does not assert a counterclaim against Plaintiff for abuse of process.

advantage over Mr. Ray in the existing litigation, which is set forth in the Original Compliant;" and (ii) for the ulterior purpose of harassing and intimidating Defendants into paying an obligation for which they are not responsible.[4] Plaintiff argues these Defendants' claims for abuse of process should be dismissed because an "ulterior motive" alone does not support such a claim.

5. On September 8, 2015, Plaintiff filed its Motion to Dismiss seeking dismissal of Ray, Ray Family Holdings, JOLO, and Backlog's counterclaims for abuse of process pursuant to Rule 12(b)(6).

6. The Motion to Dismiss has been fully briefed and is ripe for determination.

Analysis

7. Plaintiff has moved to dismiss Ray, Ray Family Holdings, JOLO, and Backlog's counterclaims for abuse of process, because these Defendants fail to state a claim upon which relief can be granted under Rule 12(b)(6). In reviewing a 12(b)(6) motion to dismiss, a court should deny the motion if the "allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Cabaniss v. Deutsche Bank Secs., Inc.*, 170 N.C. App. 180, 182 (2005) (internal citation omitted). "The complaint must be liberally construed and should not be dismissed unless it appears beyond a doubt that plaintiffs could not prove any set of facts to support the claim which would entitle them to relief."

---

[4] Ray's Answer to Am. Compl. & Countercl. ¶¶ 13-16; Backlog Capital LLC's Answer to Am. Compl. & Countercl. ¶¶ 14-17; Backlog Capital Managers, LLC's Answer to Am. Compl. & Countercl. ¶¶ 14-17; Ray Family Holdings and JOLO, LLC's Answer to Am. Compl. & Countercl. *See* Def. Mem. Opp. 5.

*Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 600-601 (2007) (citing *Cabaniss*, 170 N.C. App. at 182). Courts are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Strickland v. Hedrick*, 194 N.C. App. 1, 20 (2008) (internal citations omitted).

8. "[T]he gravamen of a cause of action for abuse of process is the improper use of the process after it has been issued." *Petrou v. Hale*, 43 N.C. App. 655, 659 (1979). "There is no abuse of process where it is confined to its regular and legitimate function in relation to the cause of action stated in the complaint." *Finance Corp. v. Lane*, 221 N.C. 189, 196-97 (1942). Accordingly, North Carolina courts "have repeatedly upheld dismissal of an abuse of process claim when there are no allegations that a defendant misused process *after* proceedings had been initiated." *Chidnese v. Chidnese*, 210 N.C. App. 299, 311 (2011) (emphasis in original).

9. An abuse of process claim must allege the following two elements:

> (1) that the defendant had an ulterior motive to achieve a collateral purpose not within the normal scope of the process used, and (2) that the defendant committed some act that is a malicious misuse or misapplication of that process after issuance to accomplish some purpose not warranted or commanded by the writ.

*Pinewood Homes*, 184 N.C. App. at 602 (internal citation omitted). It is well established that "the mere filing of a civil action with an ulterior motive is not sufficient to sustain a claim for abuse of process." *Chidnese*, 210 N.C. App. at 312. To maintain an abuse of process claim, the process must have been used "to gain advantage of the plaintiff in respect to some *collateral matter*." *Erthal v. May*, 2012 N.C. App. LEXIS 1305, *30 (2012) (emphasis added). An abuse of process claim can

be properly dismissed pursuant to Rule 12(b)(6) if it fails to allege that a defendant "committed any willful act not proper in the regular course of the proceeding," *Chidnese,* 210 N.C. App. at 311–12. Without **both** an ulterior motive and a malicious misuse of the process to gain an advantage to accomplish some purpose collateral to to the lawsuit, an allegation of an ulterior motive in filing a lawsuit is not enough to support an abuse of process claim. *Hewes v. Johnston,* 61 N.C. App. 603, 604 (1983).

10.     In this case, Ray, Ray Family Holdings, JOLO, and Backlog's abuse of process claims rest upon nothing more than an allegation that Plaintiff has sued Defendants for monies for which Defendants contend they are not liable. Plaintiff filed its Amended Complaint for the manifestly proper purposes of recovering money for the breach of the financing agreement and collecting from the newly added Defendants that are related to the original debtor. This is not an "improper, willful act" used to gain a strategic advantage of Defendants in a "collateral matter," as Plaintiff is attempting to recover money *in this litigation. Pinewood Homes*, 184 N.C. App. at 603; *Hewes*, 61 N.C. App. at 604. As Ray, Ray Family Holdings, JOLO, and Backlog fail to allege that Plaintiff misused process (i) after the process was initiated against them and (ii) for a purpose "collateral" to this litigation, these Defendants fail to state a cause of action for abuse of process that is supported by existing case law. Therefore, Plaintiff's Motion to Dismiss should be GRANTED as to Ray, Ray Family Holdings, JOLO, and Backlog's counterclaims for abuse of process.

THEREFORE, IT IS ORDERED, based upon the foregoing FINDINGS and CONCLUSIONS that Plaintiff's Motion to Dismiss is GRANTED.[5]

SO ORDERED, this the 4th day of December, 2015.


/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
  for Complex Business Cases

---

[5] The Court declines to grant the requested sanctions at this time, but reserves its previously stated right to revisit the issue of sanctions against Mr. Ray at a later juncture in this case.