ESTATE OF ROBERT E. BROWNE, III; SHELBY V.T. CLARK; JEANNE F. CLARK; JOHN H. LOUGHRIDGE, JR.; ELFORD HAMILTON MORGAN; JANE SMITH MORGAN; AND NORWOOD ROBINSON, PLAINTIFFS v. G. KENNEDY THOMPSON; THOMAS J. WURTZ; DONALD K. TRUSLOW; ROBERT K. STEEL; WACHOVIA CORPORATION; WELLS FARGO & COMPANY (AS SUCCESSOR-IN-INTEREST TO WACHOVIA CORPORATION); AND KPMG, LLP, DEFENDANTS

No. COA 11-852

(Filed 3 April 2012)

**Corporations—individual stockholders—claims not within scope of Barger exceptions**

The trial court did not err by granting defendants' motion to dismiss in a case brought by individual stockholders of Wachovia Corporation alleging that the individual defendants participated in a fraudulent scheme to deceive plaintiffs and the public as to Wachovia's financial stability. Shareholders generally cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock and plaintiffs' claims did not fall within the scope of either of the exceptions enumerated in *Barger*, 346 N.C. 650.

Appeal by plaintiffs from order and opinion entered 3 March 2011 by Judge John R. Jolly, Jr. in the North Carolina Business Court. Heard in the Court of Appeals 29 November 2011.

*Robinson & Lawing, LLP, by Norwood Robinson, for plaintiff-appellants Estate of Robert E. Browne, III., Shelby V.T. Clark, Jeanne F. Clark, Elford Hamilton Morgan, Jane Smith Morgan, and Norwood Robinson.*

*John H. Loughridge, Jr., pro se, plaintiff-appellant.*

*Robinson, Bradshaw & Hinson, P.A., by Robert W. Fuller, Louis A. Bledsoe, III, and Adam K. Doerr, for defendant-appellees G. Kennedy Thompson, Thomas J. Wurtz, Donald K. Truslow, Robert K. Steel, Wachovia Corporation, and Wells Fargo & Company (as successor-in-interest to Wachovia Corporation).*

*McGuire Woods LLP, by Douglas W. Ey, Jr. and Mark W. Kinghorn for defendant-appellee KPMG LLP.*

STEELMAN, Judge.

Plaintiffs' claims do not fall within the scope of either of the *Barger* exceptions. North Carolina does not recognize "holder" claims. The trial court correctly dismissed plaintiffs' complaint.

## I. Factual and Procedural History

On 1 October 2009, seven stockholders (plaintiffs) of Wachovia Corporation filed this action. Defendants include Wachovia Corporation (Wachovia), Wells Fargo & Company (Wells Fargo), KPMG LLP (KPMG),[1] and past directors of Wachovia. Plaintiffs allege that the individual defendants participated in a fraudulent scheme to deceive plaintiffs and the public as to Wachovia's financial stability.

Plaintiffs contend that Wachovia's 2006 acquisition of Golden West Financial Corporation, a bank and mortgage lender with a large portfolio of adjustable-rate mortgages, caused Wachovia to suffer unprecedented losses. Plaintiffs contend that the individual defendants concealed information regarding underwriting standards, collateral quality, and necessary reserves for loans. Plaintiffs further contend that defendants issued false public SEC filings, press releases, and earnings calls regarding Wachovia's financial strength and stability through September 2008. Plaintiffs assert that they relied on these representations in deciding to retain Wachovia stock in 2005 through 2008.

In late September 2008, the price of Wachovia's stock fell below $1 per share. Later that year, Wells Fargo consummated a merger with Wachovia and acquired all outstanding shares of Wachovia stock. Wachovia shareholders, including plaintiffs, received 0.1991 shares of Wells Fargo common stock in exchange for each share of Wachovia common stock that they owned.

The complaint alleges "Count I Negligence, Misrepresentation and Breach of Duty of a Corporate Director and/or Officer (Against the Wachovia Corporate Defendants and the Individual Defendants)" and "Count II Negligent Misrepresentation (Against the Auditor Defendant, KPMG)[.]"

Defendants filed motions to dismiss under N.C.R. Civ. P. 12(b)(6). On 3 March 2011, the trial court entered an Order and Opinion, dismissing plaintiffs' complaint.

Plaintiffs appeal.

---

1. KPMG was the auditor for Wachovia from 2006 through 2008.

## II.  Analysis

Plaintiffs argue that the trial court erred in granting defendants' motions to dismiss. We disagree.

### A.  Standard of Review

We review *de novo* the trial court's order granting defendants' motions to dismiss. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

> When considering a motion to dismiss under Rule 12(b)(6) of the Rules of Civil Procedure, [t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.

*Id.*, 157 N.C. App. at 400, 580 S.E.2d at 4 (alteration in original) (internal quotation marks omitted).

### B.  Claims Against the Individual Defendants and Wachovia Defendants

"The well-established general rule is that shareholders cannot pursue individual causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock." *Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (1997). The two exceptions to this rule are "(1) where there is a special duty, such as a contractual duty, between the wrongdoer and the shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders." *Id.*

As to the first *Barger* exception, plaintiffs have alleged no facts indicating that defendants owed plaintiffs a special duty. Plaintiffs do not allege that defendants induced them to become shareholders. *See Howell v. Fisher*, 49 N.C. App. 488, 497, 272 S.E.2d 19, 25 (1980). Plaintiffs do not allege a duty arising from a particular contract between plaintiffs and defendants. *See Barger*, 346 N.C. at 659-60, 488 S.E.2d at 220. We hold that the trial court properly held that plaintiffs' complaint did not allege sufficient facts to meet the special duty exception of *Barger.*

As to the second *Barger* exception, plaintiff is required to allege injury that is "separate and distinct from the injury sustained by the

other shareholders or the corporation itself." *Id.*, 346 N.C. at 659, 488 S.E.2d at 219. Plaintiffs contend that misrepresentations concerning the financial condition of Wachovia caused them to retain their stock and suffer grievous financial injury when the value of their shares plummeted. As in *Barger*, the diminution of the value of their stock is precisely the same injury suffered by the corporation itself. *Id.*, 346 N.C. at 659, 488 S.E.2d at 220. Plaintiffs have failed to allege an injury that is separate and distinct from the injury suffered by other shareholders or the corporation. The trial court properly held that plaintiffs' complaint did not allege sufficient facts to meet the separate injury exception of *Barger.*

Plaintiffs argue that we should follow the rationale of the Delaware case of *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (Del. 2004), and reject the *Barger* test. *Barger* is a decision of our Supreme Court, and we are not free to blithely disregard its holding. *See e.g., Cannon v. Miller*, 313 N.C. 324, 327 S.E.2d 888 (1985).

Plaintiffs further contend that North Carolina courts have previously cited *Tooley* with approval. In *Cabaniss v. Deutsche Bank Secs., Inc.*, 170 N.C. App. 180, 611 S.E.2d 878 (2005), this court cited *Tooley* in a case where Delaware law controlled. *Cabaniss*, 170 N.C. App. at 182, 611 S.E.2d at 880. North Carolina law controls the instant case. The remaining cases cited by plaintiffs are decisions of the North Carolina Business Court. The Business Court is a special Superior Court, the decisions of which have no precedential value in North Carolina.

Further, in *Maurer v. SlickEdit, Inc.*, 2006 NCBC 1 (N.C.Super. Feb. 6, 2006), the trial court's mention of *Tooley* was merely in passing, or *obiter dictum.* The trial court commented in a footnote that it "leaves consideration of the merits of the *Tooley* approach for another day." *Maurer*, 2006 NCBC 1 n.5. In *Marcoux v. Prim*, 2004 NCBC 5 (N.C.Super. April 14, 2004), the trial court applied Delaware law. Again, North Carolina law controls the instant case.

### C. Holder Claims

Next, plaintiffs argue that North Carolina law recognizes a cause of action for holders. In support of this argument, plaintiffs cite *Gilbert v. Bagley*, 492 F. Supp. 714 (M.D.N.C. 1980), *superseded by statute* N.C. Gen. Stat. § 55-8-30, *as recognized* in *Rivers v. Wachovia Corp.*, 665 F.3d 610 (4th Cir. 2011). However, the trial court correctly observed that *Gilbert* relies on the premises that officers and direc-

tors owe a fiduciary duty to shareholders and that such duty is directly actionable by individual shareholders.

In 1989, the General Assembly amended the statutes governing corporations, eliminating the provision that the directors' duty runs to both the shareholders and the corporation.

> The drafters recognized that directors have a duty to act for the benefit of all shareholders of the corporation, but they intended to avoid stating a duty owed directly by the directors to the shareholders that might be construed to give shareholders a direct right of action on claims that should be asserted derivatively.

Russell M. Robinson, II, Robinson on North Carolina Corporation Law § 14.01[2] (7th ed.) (citing Official Commentary, N.C. Gen. Stat. § 55-8-30 (1989)). Plaintiffs have failed to cite, and our research has not revealed, a single North Carolina case recognizing holder claims. The trial court properly held that plaintiffs' complaint failed to state a claim.

### D.  Claims Against KPMG

To state a claim for negligent misrepresentation, a party must allege that it justifiably relied to its detriment on information prepared without reasonable care by one who owed the relying party a duty of care. *Brinkman v. Barrett Kays & Assocs., P.A.*, 155 N.C. App. 738, 742, 575 S.E.2d 40, 43-44 (2003). The element of justifiable reliance requires that the party rely upon information in a transaction. *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 209-10, 367 S.E.2d 609, 614 (1988) (quoting Restatement (Second) of Torts § 552 (1977)).

Plaintiffs owned their Wachovia shares and did not sell them. Plaintiffs assert a holder claim. After reiterating that North Carolina does not recognize holder claims, the trial court analyzed plaintiffs' allegations under the standard articulated in jurisdictions that recognize holder claims and found plaintiffs' allegations to lack specificity. As discussed in the previous section, plaintiffs have failed to cite, and our research has not revealed, any binding authority in North Carolina that recognizes holder claims. We decline to analyze the specificity of plaintiffs' allegations under a standard discussed in *Small v. Fritz Cos.*, 65 P.3d 1255 (Cal. 2003), which neither interprets North Carolina

law nor is binding on this Court. The trial court properly held that plaintiffs' complaint failed to state a claim against KPMG.

AFFIRMED.

Chief Judge MARTIN and Judge McGEE concur.