728 S.E.2d 61

Deborah **RICE–MARKO, John Edward Marko, Jr., The John Edward Marko, Jr. Irrevocable Trust, Evan Rice Marko, The Evan Rice Marko Irrevocable Trust, and the Evelyn G. Rice Revocable Trust, Appellants,**

v.

**WACHOVIA CORPORATION, Wells Fargo & Company, G. Kennedy Thompson, Donald K. Truslow, Thomas J. Wurtz, Robert K. Steel, Thomas L. Clymer, and Doe Defendants 1 Through 25, Respondents. Appellate Case No.2010–171446.**

No. 4993.

Court of Appeals of South Carolina.

Heard April 25, 2012.

Decided June 27, 2012.

304

G. Trenholm Walker, Ian W. Freeman, and Daniel S. McQueeney, Jr., all of Pratt–Thomas Walker, P.A., of Charleston, for Appellants.

Stephen M. Cox, of Robinson, Bradshaw & Hinson, P.A., of Rock Hill; and Louis A. Bledsoe, III, of Robinson, Bradshaw & Hinson, P.A., of Charlotte, N.C., for Respondents.

LOCKEMY, J.

In this appeal, Deborah Rice–Marko, John Edward Marko Jr., the John Edward Marko, Jr. Irrevocable Trust, Evan Rice

Marko, the Evan Rice Marko Irrevocable Trust, and the Evelyn G. Rice Revocable Trust (collectively, Appellants) argue the circuit court erred in dismissing their causes of action for fraud and fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, constructive fraud, breach of duties as corporate officers, negligence and gross negligence, and violation of the South Carolina blue sky laws. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Appellants owned in excess of 400,000 shares of Respondent Wachovia Corporation (Wachovia) stock before Wachovia was acquired by Respondent Wells Fargo & Company on December 31, 2008. Respondents G. Kennedy Thompson, Thomas J. Wurtz, Donald K. Truslow, and Robert K. Steel (collectively, Individual Respondents) served as officers of Wachovia at various points from July 2006 through 2008.[1] Respondent Thomas L. Clymer was an officer and agent of Wachovia in Charleston, South Carolina, where Appellants were residents.

On October 1, 2009, Appellants filed a complaint alleging Respondents' misrepresentations and/or non-disclosures regarding the financial stability and performance of Wachovia from July 2006 through 2008 caused Appellants to refrain from selling their shares of Wachovia stock. Appellants alleged these misrepresentations and non-disclosures caused them to "lose millions of dollars in the value of stock they held in Wachovia." According to Appellants, but for Respondents' false representations, they would have sold all of their Wachovia stock in July 2007 when the stock value was between $49.00 and $51.00 per share. Appellants maintained they continued to receive assurances from Respondents in 2008 that Wachovia was financially stable and well-collateralized despite the fact that Wachovia's stock price continued to fall. Appellants alleged that in August 2008, when Wachovia's stock price was $16.49 per share, they again decided to forgo plans to sell their Wachovia stock after receiving e-mails and docu-

---

1. G. Kennedy Thompson served as Chief Executive Officer (CEO) and President of Wachovia from December 1999 through June 2, 2008. Thomas J. Wurtz served as Chief Financial Officer and Senior Executive Vice President of Wachovia. Donald K. Truslow served as Chief Risk Officer for Wachovia until August 2008. Robert K. Steel was chairman of the board, CEO, and President of Wachovia from July 9, 2008 through December 31, 2008.

ments from Clymer reassuring Appellants that their investment was secure. On December 30 and 31, 2008, Appellant Deborah Rice–Marko sold all of her Wachovia stock after the stock price had fallen below $1.00 per share.

In their complaint, Appellants asserted causes of action for fraud and fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, constructive fraud, breach of duties as corporate officers, negligence and gross negligence, and violation of the South Carolina Securities Act of 2005. Appellants' allegations primarily concerned Wachovia's 2006 acquisition of Golden West Financial Corporation, a California-based bank and mortgage lender with a large portfolio of adjustable-rate mortgages, and Wachovia's subsequent disclosures concerning these mortgage loans. The complaint alleged Wachovia and the Individual Respondents, faced with a rapidly deteriorating housing market and a strained mortgage system, concealed information regarding underwriting standards, collateral quality, and necessary reserves for these loans. Appellants cited numerous allegedly false public SEC filings, press releases, and earnings calls made by Wachovia between October 2006 and September 2008. Appellants maintained the Individual Respondents engineered, approved, and disseminated these misstatements. Appellants also alleged Clymer participated in the scheme through direct communications with Appellants.

On December 15, 2009, Respondents moved to dismiss Appellants' complaint pursuant to Rules 9(b) and 12(b)(6) of the South Carolina Rules of Civil Procedure. The case was referred to the business court in January 2010, and a hearing was held on Respondents' motion on April 13, 2010.

On June 23, 2010, the circuit court granted Respondents' motion to dismiss, holding: (1) Appellants' claims were derivative; (2) Appellants did not allege a separate and distinct injury; and (3) Respondents did not owe Appellants a special duty. Specifically, the circuit court, citing South Carolina and North Carolina law, held Appellants did not have standing to bring direct claims against Wachovia or its officers and directors for "wrongs that diminish the value of their shares" of the corporation. The court noted that "because the injuries felt by [Appellants] were suffered equally by all Wachovia

shareholders, [Appellants] cannot bring a direct action to recover their proportion of the corporation's losses." With respect to Clymer, the circuit court requested additional briefing. On August 3, 2010, the circuit court denied Appellants' motion to alter or amend. On August 19, 2010, the circuit court also dismissed Appellants' claims against Clymer. This appeal followed.

## STANDARD OF REVIEW

"In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Cricket Cove Ventures, LLC v. Gilland*, 390 S.C. 312, 321, 701 S.E.2d 39, 44 (Ct.App. 2010). "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.* "If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper." *Id.* "In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief." *Id.*

## LAW/ANALYSIS

### Fiduciary and Special Duties

First on appeal, Appellants argue they are entitled to pursue direct claims against Respondents because Respondents owed them fiduciary and special duties. We disagree.

The circuit court determined Appellants lacked standing under both South Carolina and North Carolina law to bring direct claims against Respondents. The court did not resolve the choice of law issue, noting both North Carolina and South Carolina follow the same " 'well-established general rule' that shareholders do not have standing to bring direct claims for wrongs that diminish the value of their shares in a corporation." *See Barger v. McCoy Hillard & Parks*, 346 N.C. 650, 658, 488 S.E.2d 215, 219 (N.C.1997) ("The well-established general rule is that shareholders cannot pursue individual

causes of action against third parties for wrongs or injuries to the corporation that result in the diminution or destruction of the value of their stock."); *see also Brown v. Stewart,* 348 S.C. 33, 51, 557 S.E.2d 676, 685 (Ct.App.2001) (holding individuals may not sue corporate directors or officers for losses suffered by the corporation).

▆ North Carolina does not recognize a fiduciary duty between the officers and directors of a corporation and that corporation's shareholders. *See* N.C. Gen.Stat. § 55–8–30 (2011). However, the North Carolina Supreme Court has held

a shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a special duty or that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

*Barger,* 346 N.C. at 658–59, 488 S.E.2d at 219. Although South Carolina recognizes a duty between officers and directors of a corporation and that corporation's shareholders [2], this court has held that the fiduciary obligation of dominant or controlling stockholders or directors is ordinarily enforceable through a stockholder's derivative action. *See Brown,* 348 S.C. at 49, 557 S.E.2d at 684. "A shareholder may maintain an individual action only if his loss is separate and distinct from that of the corporation." *Id.* "An individual action is also allowed if the alleged wrongdoers owe a fiduciary relationship to the stockholder and full relief to the stockholder cannot be had through a recovery by the corporation." *Id.* at 50, 557 S.E.2d at 685.

Appellants argue Respondents owed Appellants both a fiduciary and a special duty to accurately portray the financial condition of Wachovia. Appellants maintain they relied on Respondents' representations due to Respondents' controlling positions and their peculiar and superior knowledge of Wacho-

---

**2.** *See* S.C.Code Ann. § 33–8–300(a)(1)–(3) (2006) (requiring a corporate director to perform his duties in good faith, with the care of an ordinarily prudent person in a like position, and in a manner he believes to be in the best interests of the corporation).

via's financial condition. Respondents argue Appellants' claims are derivative because Appellants only seek to recover for alleged breaches of duties Respondents owed Wachovia and its shareholders, not any individual duty owed uniquely to Appellants.

We find Appellants cannot proceed with their lawsuit as individual shareholders under the "special duty" exception to the general rule outlined in *Barger*. Here, Appellants have failed to allege any facts from which it may be inferred that Respondents owed Appellants a duty that was personal to Appellants and distinct from the duty Respondents owed Wachovia and its shareholders. In their complaint, Appellants specifically alleged the Individual Respondents "set on a course of action to supply misrepresentations and misinformation regarding the financial strength, stability and liquidity of [Wachovia] as an ongoing banking company and to conceal the truth from [Appellants] *and the investing public.*" Appellants alleged "the Individual [Respondents], *because of their positions of control and authority as officers and/or directors of the Company,* owed a fiduciary duty to [Appellants] to disclose and communicate truthful and accurate information about the financial condition and performance of the Company." (emphasis added) Because Appellants did not allege breaches of any duties owed to them individually, they cannot bring direct claims for their stock losses.

Additionally, Appellants did not allege Clymer owed them a fiduciary or special duty or communicated with them in any way other than in their role as stockholders. In fact, in their complaint, Appellants omitted Clymer from many of the allegations involving the Individual Respondents and from their breach of fiduciary duty claim. Instead, Appellants maintained Clymer owed them a special duty because he communicated with them directly. We find Clymer's direct communications with Appellants as stockholders did not give rise to a special duty. Accordingly, the circuit court did not err in finding Respondents did not owe Appellants a special duty.

**Separate and Distinct Injury**

Appellants argue they are entitled to pursue direct claims against the Respondents because the losses they suf-

fered were separate and distinct from the losses to Wachovia as a whole. We disagree.

In *Barger*, the North Carolina Supreme Court held

a shareholder may maintain an individual action against a third party for an injury that directly affects the shareholder, even if the corporation also has a cause of action arising from the same wrong, if the shareholder can show that the wrongdoer owed him a special duty or that the injury suffered by the shareholder is separate and distinct from the injury sustained by the other shareholders or the corporation itself.

346 N.C. at 658–59, 488 S.E.2d at 219.

Here, the circuit court determined Appellants did not suffer a separate and distinct injury, noting that according to Appellants' complaint, Respondents lied to Wachovia's other shareholders, financial markets, and the investing public at large. Appellants maintain their damages fall within the separate and distinct exception because the losses they suffered were not shared equally with all Wachovia shareholders. Appellants argue their claims are based on specific misrepresentations which induced their reliance, and are not based on any corporate mismanagement resulting in lower stock values and causing injury to all stockholders. Respondents argue Appellants failed to allege any injury not shared by their fellow Wachovia shareholders. Respondents contend damages based on the decline in Wachovia's share price can only be brought derivatively.

We find Appellants cannot proceed with their lawsuit under the second exception to the general rule in *Barger* because they have not alleged a separate and distinct injury to themselves as shareholders. Appellants alleged damages based on the decline in Wachovia's stock price. Pursuant to *Barger*, such a claim can only be brought derivatively. The *Barger* court held "[a]n injury is peculiar or personal to the shareholder if a legal basis exists to support plaintiffs' allegations of an individual loss, separate and distinct from any damage suffered by the corporation." *Barger*, 346 N.C. at 659, 488 S.E.2d at 220 (internal citations omitted). In *Barger*, the court found the only injury alleged by the shareholders was the diminution in value of their shares as the result of the

corporation's negligent or fraudulent misrepresentations of its financial status. *Id.* The *Barger* court held the diminution of the value of their stock is precisely the same injury suffered by the corporation itself, and therefore, the shareholders' claims were derivative. *Id.*

Here, Appellants maintained in their complaint that they were deceived as part of a larger scheme to defraud Wachovia stockholders. Specifically, Appellants alleged Wachovia "engaged in concerted actions to conceal the truth and issue reassuring misrepresentations *to financial markets and [Appellants]*" and the Individual Respondents supplied the misrepresentations to the "investing public." Because Appellants failed to allege any injury separate and distinct from the injuries suffered by other Wachovia stockholders, we affirm the circuit court.

We note the North Carolina Court of Appeals recently dismissed a complaint of seven Wachovia stockholders which contained factual allegations and legal claims similar to those of Appellants in this case. In *Estate of Browne v. Thompson,* 2012 WL 1083130 (N.C.App.2012), the North Carolina Court of Appeals determined the special duty and separate and distinct exceptions outlined in *Barger* did not apply to plaintiffs' claims. As in this case, the North Carolina plaintiffs alleged Wachovia's officers and directors participated in a fraudulent scheme to deceive plaintiffs and the public as to Wachovia's financial stability. 2012 WL 1083130, at *1. Plaintiffs alleged they relied on Wachovia's misrepresentations in deciding not to sell their Wachovia stock. *Id.* The North Carolina court found plaintiffs failed to allege any facts indicating defendants owed them special duty or that they suffered an injury separate and distinct from that of other stockholders. *Id.* at *2.

**Law from other jurisdictions**

■ Appellants argue the circuit court erred in applying North Carolina, Delaware and Georgia law instead of South Carolina law. We disagree.

The circuit court found both South Carolina and North Carolina law generally prohibit stockholders from bringing direct claims for wrongs that diminish the value of their shares in a corporation. Appellants contend that although the result would be the same regardless of whether South Carolina or North Carolina law is applied, the circuit court erred

in applying the law of states other than South Carolina in determining whether Appellants stated a claim for relief. We find the circuit court did not err. As discussed above, Appellants failed to allege any facts supporting the "separate and distinct injury" and "special duty" exceptions to the general rule prohibiting direct claims for stock losses.

We further find the circuit court did not err in referencing Georgia and Delaware case law. The circuit court did not cite cases from these jurisdictions as binding precedent, but rather referenced them as persuasive authority. Appellants specifically argue the circuit court erred in relying on *Holmes v. Grubman*, 286 Ga. 636, 691 S.E.2d 196 (Ga.2010) in dismissing Clymer. We disagree. In its order, the circuit court noted *Holmes* was cited in Appellants' brief, but determined *Holmes* did not support Appellants' claims. The circuit court found *Holmes* did not involve a shareholder suit against a corporation, and therefore, it was "readily distinguishable" from the present case. Accordingly, the circuit court did not find *Holmes* was "binding precedent" as alleged by Appellants.

**Holder Claims**

Appellants argue that although neither the South Carolina nor the North Carolina courts have ruled on the issue of whether corporate officers and directors may be held personally liable in a direct action for fraud and misrepresentation for inducing shareholders not to sell their stock, other jurisdictions have considered such holder claims and found plaintiffs may proceed with their claims against corporate officers. Appellants contend their holder claim justifies reversal of the circuit court's granting of Respondents' motion to dismiss. We disagree. Appellants have failed to cite any South Carolina case law recognizing holder claims. In addition, the North Carolina Court of Appeals recently affirmed the trial court's dismissal of plaintiffs' holder claims in *Estate of Brown*, noting its research did not reveal a single North Carolina case recognizing holder claims. 2012 WL 1083130, at *3.

**Clymer**

Appellants argue the circuit court erred in finding Appellants failed to allege reasonable reliance on Clymer's misrepresentations. We disagree.

The circuit court determined Appellants did not have standing to sue Clymer directly for the decrease in value of their Wachovia stock. The court found Appellants failed to plead facts giving rise to either the special duty or the separate and distinct injury exceptions to the general rule prohibiting individual stockholder actions for derivative injuries.

Appellants allege Clymer directly advised them that "Wachovia was stable, had adequate loan reserves, and that there was not another shoe to drop." They further allege Clymer provided them with the "Wachovia: The Fundamentals" memorandum, which touted Wachovia as a "strong and stable company on solid footing." Appellants contend they relied on these direct communications with Clymer in reversing their decision to sell their Wachovia stock. Respondents argue Appellants' claims against Clymer were dismissed as derivative and not, as the Appellants argue, because the circuit did not accept Appellants allegations of reliance. Respondents contend the circuit court properly dismissed Clymer because Appellants failed to allege he owed them a special duty or caused them an injury separate and distinct from other Wachovia shareholders.

We do not agree with Appellants' allegation that the circuit court dismissed Clymer because Appellants failed to allege reasonable reliance on Clymer's misrepresentations. We find the circuit court properly determined Appellants' claims against Clymer were derivative and not subject to either of the exceptions to the rule prohibiting stockholder actions for derivative injuries. As the circuit court noted, Appellants did not allege Clymer owed them a fiduciary duty or that he had any particular contractual responsibility or obligation to them. Appellants further failed to allege Clymer owed them a special duty by stepping outside the relationship between shareholder and corporation. We do not believe Appellants' assertion that Clymer's direct communications in forwarding the "Fundamentals" memorandum and telling Appellants that Wachovia was a "stable" corporation created a special duty.

Furthermore, Appellants have not alleged a separate and distinct injury. As the circuit court correctly noted, Appellants did not allege Clymer provided them with any information that was materially different from the information Wacho-

314

via was allegedly providing to other stockholders. The nature of Appellants' injury was a decline in Wachovia's stock price. This injury was suffered by all of Wachovia's stockholders, and therefore, Appellants' claims were derivative. Accordingly, the circuit court did not err in dismissing Clymer.

## CONCLUSION

Based on the foregoing, we affirm the circuit court's granting of Respondents' motion to dismiss.

**AFFIRMED.**

WILLIAMS and THOMAS, JJ., concur.