**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

NAFH National Bank, Respondent,

v.

Tower Homes, Inc.; Nathan Seppala a/k/a Nathan P. Seppala; Matthew G. Seppala a/k/a Matthew Seppala; Total Comfort Installations, LLC a/k/a Total Comfort Installations; Blue Tarp Financial, Inc. d/b/a ProTrade Credit; CEMEX Construction Materials, L.P. a/k/a CEMEX Construction Materials LP; Stock Building Supply, LLC f/k/a Stock Building Supply, Inc.; Central Mutual Insurance; Imperial Systems, Inc. a/k/a Imperial Systems Inc. a/k/a Imperial Systems Inc; The Peoples National Bank; The Greenville News; Air Systems, Inc.; HD Supply Plumbing/HVAC, Ltd.; Greer Flooring Center, Inc.; MTP Nursery, LLC d/b/a MTP Nursery and Landscaping; 84 Lumber Company, L.P.; Marsh Furniture Company; Sears Commercial d/b/a Sears Holdings, Inc.; Thomas Concrete of South Carolina, Inc. d/b/a Thomas Concrete of South Carolina Inc; Bradco Supply Corporation; and Israel Romero, Defendants,

Of whom Israel Romero is the Appellant.

Appellate Case No. 2011-201547

⸻

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

⸻

Unpublished Opinion No. 2012-UP-559
Submitted October 1, 2012 – Filed October 24, 2012

---

**AFFIRMED**

---

Israel Romero, of Taylors, pro se.

Kristin Burnett Barber and Shane William Rogers, both of Johnson, Smith, Hibbard & Wildman, LLP, of Spartanburg, for Respondent.

---

**PER CURIAM:**  Israel Romero, proceeding pro se, appeals the master-in-equity's order granting NAFH National Bank's (the Bank's) motion to dismiss Romero's counterclaim for failure to state a cause of action.[1]  We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:  *Rice-Marko v. Wachovia Corp.*, 398 S.C. 301, 307, 728 S.E.2d 61, 64 (Ct. App. 2012) ("In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." (citation and internal quotation marks omitted)); *Charleston Cnty. Sch. Dist. v. Laidlaw Transit, Inc.*, 348 S.C. 420, 424, 559 S.E.2d 362, 364 (Ct. App. 2001) ("A motion to dismiss a counterclaim must be based solely on the allegations set forth in the counterclaim."); *id.* ("The question is whether in the light most favorable to the complainant, and with every doubt resolved on his behalf, the counterclaim states any valid claim for relief.").

**AFFIRMED.**

**SHORT, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] Romero also argues the master-in-equity erred in granting the Bank's motion to strike Romero's affidavit of default; however, because Romero did not file a Notice of Appeal from the order granting the motion to strike, we need not address this issue.  *See* Rule 203, SCACR (requiring a party to serve and file a notice of appeal indicating the date of the order from which the appeal is taken).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.