MALLOY v. PRESLAR

[228 N.C. App. 183 (2013)]

━━━━━━━

RAYMOND MALLOY AND LISA MALLOY, PLAINTIFFS
v.
E. MICHAEL PRESLAR AND KATHY N. PRESLAR, INDIVIDUALLY AND D/B/A
PRESLAR FARMS, AND TYSON CHICKEN, INC., DEFENDANTS

No. COA12-1523

Filed 2 July 2013

1. **Appeal and Error—interlocutory orders and appeals—substantial right**

    The issue of whether defendants Michael and Kathy Preslar were agents of defendant Tyson thus creating liability arising from the same transaction gave rise to a substantial right and was immediately appealable. With regard to plaintiffs' contentions that Tyson owed a duty to warn of a hazardous condition, and that Tyson owed plaintiff a duty based on their relationship, these claims did not impact a substantial right and were therefore were dismissed.

2. **Agency—motion to dismiss—no liability for conditions on real property with no control**

    The trial court did not err by granting defendant Tyson's motion to dismiss the claim that Tyson was responsible for the hazards

on the land of defendants Michael and Kathy Preslar based upon agency. Even assuming the Preslars were the agents of Tyson, Tyson cannot be held liable for conditions on the real property of the Preslars over which it had no control.

Appeal by plaintiffs from order entered 1 October 2012 by Judge William R. Pittman in Anson County Superior Court. Heard in the Court of Appeals 11 April 2013.

*The Law Offices of William K. Goldfarb, by William K. Goldfarb, and The Duggan Law Firm, PC, by Christopher M. Duggan, for plaintiffs-appellants.*

*McAngus, Goudelock & Courie, PLLC, by John E. Spainhour, for defendant-appellee Tyson Farms, Inc.*

STEELMAN, Judge.

We allow plaintiff's appeal to the extent that it affects a substantial right. The portion of plaintiff's appeal that does not affect a substantial right is dismissed. Even assuming that the Preslars were the agents of Tyson, Tyson cannot be held liable for conditions on the real property of the Preslars over which it had no control.

## I. Factual and Procedural Background

Raymond Malloy (plaintiff) was employed by Davis Mechanical to deliver feed for defendant Tyson Farms, Inc. (Tyson) to real property owned by Michael and Kathy Preslar, and their company, Preslar Farms (collectively, the Preslars). Plaintiff was required by Tyson to place a delivery ticket, stamped with a seal, in a designated box upon the Preslars' property. After plaintiff delivered the feed on 18 August 2008, he placed the ticket into the box and was stung numerous times by hornets. There was a hornets' nest on the back of the box which plaintiff apparently disturbed when he opened and closed the box. The hornets' stings triggered an allergic reaction, leading to plaintiff suffering respiratory arrest. Plaintiff continues to suffer seizures as a result of the hornets' stings.

On 17 August 2011, plaintiff filed this complaint against Tyson and the Preslars (collectively, defendants), asserting that the Preslars were agents of Tyson, and owed plaintiff a duty to warn of hazardous conditions on their property. Plaintiff seeks monetary damages for personal injuries that he contends were proximately caused by the

negligence of defendants. Plaintiff's wife seeks monetary damages for loss of consortium.

On 27 October 2011, Tyson filed answer to plaintiffs' complaint. On 17 August 2012, Tyson filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Apparently, the Preslars also moved for summary judgment.[1] On 5 October 2012, the trial court entered an order denying the Preslars' motion for summary judgment and dismissing plaintiffs' claims against Tyson. The order does not specify whether the dismissal was with or without prejudice.

Plaintiffs appeal.

## II. Interlocutory Appeal

[1] The trial court's order did not dispose of all claims against all parties and is therefore interlocutory. We must first determine whether this interlocutory appeal is properly before us.

## A. Standard of Review

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted).

"[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005).

"Admittedly the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary

---

1. The Preslars' motion is not part of the record on appeal.

to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

"Essentially a two-part test has developed – the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston v. Am. Motors Corp.*, 326 N.C. at 726, 392 S.E.2d at 736.

### B. Analysis

Plaintiffs contend that their claims against Tyson "involve the same overlapping factual issues that have to be determined in the remaining action against Defendants Preslars." Plaintiffs contend that there is a risk of inconsistent judgments that would affect a substantial right.

We have previously held that the dismissal of a claim "affects a substantial right to have determined in a single proceeding whether plaintiffs have been damaged by the actions of one, some or all defendants where their claims arise upon the same series of transactions." *Driver v. Burlington Aviation, Inc.*, 110 N.C. App. 519, 524, 430 S.E.2d 476, 480 (1993). In *Driver*, plaintiff was injured when the aircraft in which he was a passenger lost power and crashed. Plaintiff brought suit against the aircraft's owner, Burlington Aviation, and later was granted leave to add the manufacturer, Cessna, as a third party defendant. Plaintiff's suit against defendants was based on negligence, gross negligence, breach of warranty, strict liability, and intentional and negligent infliction of emotional distress. *Id.* at 521-23, 430 S.E.2d at 479. The trial court granted Cessna's motion to dismiss the claim against it pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim. Plaintiff appealed this order. *Id.* at 523, 430 S.E.2d at 479. We held that the appeal was not premature, due to plaintiff's substantial right to have all matters arising from the crash settled in a single proceeding. *Id.* at 524, 430 S.E.2d at 480.

In the instant case, plaintiffs contend that (1) plaintiffs have stated a cause of action of negligence against Tyson, because Tyson knew of a hazardous condition and failed to warn plaintiff; (2) Tyson owed a duty to plaintiff, just as a contractor owes a duty to warn subcontractors of known dangers; and (3) plaintiffs alleged that the Preslars were agents of Tyson. Of these three contentions, only the third, that the Preslars were agents of Tyson, creates liability arising from the same transaction, which gives rise to a substantial right.

With regard to plaintiffs' contentions that Tyson owed a duty to warn of a hazardous condition, and that Tyson owed plaintiff a duty based on their relationship, we hold that the trial court's dismissal of these claims does not impact a substantial right, and therefore dismiss plaintiffs' appeal as to these claims. With regard to plaintiffs' claim that Tyson is responsible for the Preslars' actions based on a theory of agency, we hold that the trial court's dismissal did impact a substantial right, and address the merits of that portion of plaintiffs' appeal.

### III. Agency

[2] In plaintiffs' third argument, plaintiffs contend that the Preslars were agents of Tyson, that Tyson was responsible for the hazards on the Preslars' land, and that the trial court erred in granting Tyson's motion to dismiss. We disagree.

### A. Standard of Review

The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "[D]espite the liberal nature of the concept of notice pleading, a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim or it is subject to dismissal under Rule 12(b)(6)." *Id.* at 204, 254 S.E.2d at 626.

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods.*, Inc., 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, "the well-pleaded material allegations of the complaint are taken as admitted; but conclusions of law or unwarranted deductions of fact are not admitted." *Pinewood Homes, Inc. v. Harris*, 184 N.C. App. 597, 613, 646 S.E.2d 826, 837 (2007) (quoting *Sutton v. Duke*, 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970)).

### B. Analysis

In *Lampkin v. Housing Management Resources, Inc.,* ___ N.C. App. ___, 725 S.E.2d 432, *disc. review denied,* ___ N.C. ___, 731 S.E.2d 147 (2012), the plaintiff, four years old and playing in a common area of defendants' apartment complex, passed through a broken section of fence on defendants' property, and crawled onto adjoining property that was not owned by defendants. There, plaintiff crawled onto a frozen pond. The ice broke, plaintiff fell into the pond, and plaintiff suffered serious and permanent injuries. Plaintiff's complaint alleged that defendants breached their duty to maintain a barrier between their property and the pond. Defendants moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6). The trial court granted defendants' motion. *Id.* at ___, 725 S.E.2d at 433-34. On appeal, we affirmed the ruling of the trial court:

> Plaintiffs contend that a similar, reciprocal duty should be imposed on landowners whose property abuts property on which a third party maintains a pond, *viz.*, where a landowner knows that children from his property are gathering and playing on or near a dangerous condition on neighboring property, the landowner has a duty to protect those children from injury by that condition. We disagree with Plaintiffs' contention that a landowner's duty of reasonable care extends to guarding against injury caused by a dangerous condition on neighboring property, and we conclude that the imposition of such a duty would be contrary to public policy and the established law of this State.

*Id.* at ___, 725 S.E.2d at 434. We further observed that:

> In our view, the foregoing authority clearly establishes that a landowner's duty to keep property safe (1) does not extend to guarding against injuries caused by dangerous conditions located off of the landowner's property, and (2) coincides exactly with the extent of the landowner's control of his property. As such, because Defendants did not control the pond on the adjacent property, their duty to keep their premises safe did not include an obligation to make the pond safe by preventing children on their land from accessing the pond. Rather, the adjacent landowner, with exclusive control over the pond, had the sole duty to keep the pond safe, the only obligation to act, and the only possible liability. *See Green,* 305 N.C. at 612, 290 S.E.2d at 599. Defendants' duty to keep Lampkin and other children

safe could have only applied when those children were on Defendants' land and ended where Defendants' ownership and control of their property ended.

*Id.* at ___, 725 S.E.2d at 435-36 (footnotes omitted). We held that plaintiff's complaint failed to sufficiently allege that defendants breached a duty owed to plaintiff, and that plaintiff failed to allege a *prima facie* claim of negligence. The trial court's dismissal of plaintiff's complaint was affirmed. *Id.* at ___, 725 S.E.2d at 439.

In the instant case, plaintiffs' complaint states explicitly that the hazard which caused plaintiff's injury occurred on the Preslars' land, not on Tyson's. In accordance with our decision in *Lampkin*, any obligation Tyson had to keep its property safe ended where its ownership and control of its property ended. Tyson could not, under North Carolina law, be held liable for the Preslars' alleged failure to maintain their property. We hold that plaintiffs' complaint failed to allege a *prima facie* claim of negligence. The trial court did not err in granting Tyson's motion to dismiss the claim based upon agency.

This argument is without merit.

DISMISSED IN PART, AFFIRMED IN PART.

Judges ELMORE and STROUD concur.