An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1371

Filed: 15 September 2015

Anson County, No. 11 CVS 404

RAYMOND MALLOY and LISA MALLOY, Plaintiffs

v.

E. MICHAEL PRESLAR and KATHY N. PRESLAR, individually and d/b/a PRESLAR FARMS, and TYSON CHICKEN, INC.,[1] Defendants

Appeal by plaintiffs from order entered 5 October 2012 by Judge William R. Pittman in Anson County Superior Court. Heard in the Court of Appeals 21 April 2015.

> *The Law Offices of William K. Goldfarb, by William K. Goldfarb, and The Duggan Law Firm, PC, by Christopher M. Duggan, for plaintiffs-appellants.*

> *McAngus, Goudelock & Courie, P.L.L.C., by John E. Spainhour, for defendant-appellee Tyson Farms, Inc.*

DAVIS, Judge.

Raymond and Lisa Malloy (collectively "Plaintiffs") appeal from the trial court's order dismissing their complaint against Tyson Farms, Inc. ("Tyson")

---

[1] While the caption in the trial court's 5 October 2012 order giving rise to this appeal names "Tyson Chicken, Inc." as a defendant, this entity was listed in error. Tyson *Farms*, Inc. — rather than Tyson *Chicken*, Inc. — was the defendant to whom the trial court's order was referring. As noted *infra*, Plaintiffs voluntarily dismissed Tyson Chicken, Inc. from this action prior to the trial court's entry of the 5 October 2012 order. Therefore, when we refer in this opinion to Defendant "Tyson," we are referring to Tyson Farms, Inc.

pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After careful review, we affirm.

## Factual Background

We have summarized the pertinent facts below using Plaintiffs' own statements from their complaint, which we treat as true in reviewing the trial court's order of dismissal under Rule 12(b)(6). *See, e.g.*, *Stein v. Asheville City Bd. of Educ.*, 360 N.C. 321, 325, 626 S.E.2d 263, 266 (2006) ("When reviewing a complaint dismissed under Rule 12(b)(6), we treat a plaintiff's factual allegations as true.").

Raymond Malloy ("Raymond") was employed by Davis Mechanical, Inc. ("Davis Mechanical") to deliver feed for Tyson to real property owned by Michael and Kathy Preslar and their company, Preslar Farms (collectively "the Preslars"). Upon delivery, Raymond was required by Tyson to place a delivery ticket stamped with a seal into a designated mailbox on the Preslars' property.

After delivering feed to the Preslars on 19 August 2008, Raymond placed a delivery ticket into the designated mailbox and was immediately thereafter stung numerous times by hornets. Unbeknownst to Raymond, there was a hornets' nest on the back of the mailbox which he had apparently disturbed when he opened and closed the mailbox. The hornets' stings triggered an allergic reaction, causing Raymond to suffer respiratory arrest.

On 17 August 2011, Raymond and his wife, Lisa Malloy ("Lisa"), filed a negligence action in Anson County Superior Court against Tyson, Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc., Tyson Sales and Distribution, Inc., and the Preslars seeking monetary damages for Raymond's personal injuries and for Lisa's loss of consortium. On 21 May 2012, Plaintiffs voluntarily dismissed Tyson Chicken, Inc., Tyson Breeders, Inc., Tyson Poultry, Inc., and Tyson Sales and Distribution, Inc. pursuant to Rule 41 of the North Carolina Rules of Civil Procedure.

On 27 October 2011, Tyson filed an answer to the complaint, and on 17 August 2012, Tyson filed a motion to dismiss pursuant to Rule 12(b)(6). The Preslars moved for summary judgment pursuant to Rule 56.[2]

A hearing on the two motions was held on 1 October 2012 before the Honorable William R. Pittman. On 5 October 2012, the trial court entered an order granting Tyson's motion to dismiss and denying the Preslars' motion for summary judgment. Plaintiffs appealed the trial court's ruling as to Tyson to this Court.

In an opinion filed 2 July 2013, we noted that Plaintiffs' appeal was interlocutory and that we lacked appellate jurisdiction over the appeal in its entirety. We determined that of the various negligence claims asserted against Tyson in Plaintiffs' complaint, only the claim premised on the existence of an agency relationship between Tyson and the Preslars affected a substantial right and,

---

[2] Because the Preslars' motion is not contained in the record on appeal, the date of the motion is unknown.

therefore, was immediately appealable. *Malloy v. Preslar*, __ N.C. App. __, __, 745 S.E.2d 352, 355 (2013) ("*Malloy I*"). Upon reaching the merits of that issue, we concluded that "the trial court did not err in granting Tyson's motion to dismiss the claim based on agency." *Id.* at __, 745 S.E.2d at 356.

Plaintiffs subsequently took a voluntary dismissal of their claims against the Preslars on 29 August 2014. Plaintiffs then filed a new notice of appeal on 29 September 2014, seeking review of the trial court's dismissal in its 5 October 2012 order of their claims against Tyson that were not addressed in *Malloy I*.

**Analysis**

Because Plaintiffs have dismissed their claims against the Preslars, the trial court's 5 October 2012 order can now be deemed a final judgment. *See Curl v. Am. Multimedia, Inc.*, 187 N.C. App. 649, 653, 654 S.E.2d 76, 79 (2007) ("We conclude that, following the dismissal of Plaintiffs' remaining claims, their appeal was no longer interlocutory."). For this reason, we possess appellate jurisdiction over this appeal.

"On appeal of a [Rule] 12(b)(6) motion to dismiss, this Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.*, __ N.C. App. __, __, 752 S.E.2d 661, 663-64 (2013)

(citation omitted). In *Malloy I,* we classified Plaintiffs' arguments as to Tyson's liability as falling into three categories:

> In the instant case, plaintiffs contend that (1) plaintiffs have stated a cause of action of negligence against Tyson, because Tyson knew of a hazardous condition and failed to warn plaintiff; (2) Tyson owed a duty to plaintiff, just as a contractor owes a duty to warn subcontractors of known dangers; and (3) plaintiffs alleged that the Preslars were agents of Tyson.

*Malloy I,* __ N.C. App. at __, 745 S.E.2d at 355.

As noted above, we addressed only the third argument in *Malloy I,* affirming the trial court's dismissal of Plaintiffs' claim against Tyson based on principles of agency. *Id.* at __, 745 S.E.2d at 355-56. Thus, under the law of the case doctrine, Plaintiffs' claim grounded in principles of agency has been conclusively resolved. *See Creech v. Melnik,* 147 N.C. App. 471, 473-74, 556 S.E.2d 587, 589 (2001) ("Under the law of the case doctrine, an appellate court ruling on a question governs the resolution of that question both in subsequent proceedings in the trial court and on a subsequent appeal, provided the same facts and the same questions, which were determined in the previous appeal, are involved in the second appeal."), *disc. review denied,* 355 N.C. 490, 561 S.E.2d 498, 498-99 (2002).

Therefore, in the present appeal, we need address only the two remaining theories of liability as to Tyson: (1) that Tyson failed to warn Raymond of a hazardous condition on the Preslars' land despite Tyson's actual knowledge of the hazardous

condition; and (2) that Tyson should be held liable to Plaintiffs on a theory of liability analogous to a contractor's duty to warn a subcontractor of a known danger. We address each contention in turn.

With regard to the first theory, Plaintiffs' complaint does not allege that Tyson had actual knowledge of the presence of the hornets' nest on the Preslars' property prior to Raymond's injury. Rather, the complaint alleges actual knowledge only on the part of the Preslars and attempts to impute such knowledge to Tyson under a theory of agency, a theory that — as discussed above — has already been rejected by this Court in *Malloy I*. Therefore, Tyson cannot be held liable under the theory that it failed to warn Raymond of a known hazardous condition given the absence of an allegation by Plaintiffs that Tyson actually possessed knowledge of the existence of that condition. *See Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 56, 554 S.E.2d 840, 844 (2001) ("When the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the complaint must be dismissed.").

As for Plaintiffs' final theory of liability, Plaintiffs erroneously attempt to analogize the relationships at issue here to that of a general contractor and subcontractor. This argument fails for a number of reasons — most basically because nowhere in their complaint do Plaintiffs allege that a contractor-subcontractor

relationship existed between Tyson and Davis Mechanical. Nor would the facts of this case support such a characterization of their relationship.

N.C. Gen. Stat. § 87-1 specifically defines a general contractor as follows:

> For the purpose of this Article any person or firm or corporation who for a fixed price, commission, fee, or wage, undertakes to bid upon or to construct or who undertakes to superintend or manage, on his own behalf or for any person, firm, or corporation that is not licensed as a general contractor pursuant to this Article, the construction of any building, highway, public utilities, grading or any improvement or structure where the cost of the undertaking is thirty thousand dollars ($30,000) or more, or undertakes to erect a North Carolina labeled manufactured modular building meeting the North Carolina State Building Code, shall be deemed to be a "general contractor" engaged in the business of general contracting in the State of North Carolina.

N.C. Gen. Stat. § 87-1(a) (2013). A subcontractor is statutorily defined as "any person who has contracted to furnish labor or materials to, or who has performed labor for, a contractor or another subcontractor in connection with a construction contract." N.C. Gen. Stat. § 44A-25(6) (2013).

This case does not involve a construction project. Rather, the contract at issue here was for the delivery of chicken feed. Accordingly, Plaintiffs' argument on this issue is overruled.

## Conclusion

For the reasons stated above, we affirm the 5 October 2012 order of the trial court granting Tyson's motion to dismiss.

AFFIRMED.

Judges BRYANT and INMAN concur.

Report per Rule 30(e).